IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*                                                                     **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO. 2:14-CV-22-KS-MTP**

**FORREST COUNTY,** *et al.*                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** the Motion for Reconsideration [424] filed by Defendants/Counter-Plaintiffs.

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court provided an extensive discussion of the underlying facts in its Memorandum Opinion and Order of March 30, 2015, in *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602 (S.D. Miss. Mar. 30, 2015), ECF No. 189. After the *Bivens* Plaintiffs filed suit,[1] several insurance companies (collectively, "Travelers") filed their own case seeking a declaratory judgment that they had no duty under numerous liability policies issued to Forrest County to defend or indemnify the *Bivens* Defendants against the claims asserted in the underlying suit.

The *Bivens* Plaintiffs and Defendants filed counterclaims against Travelers and

---

[1]Throughout this opinion, the Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs, and it will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin, Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants.

third-party claims against several other insurance companies, including Zurich Specialties London, Ltd., Steadfast Insurance Company, and Gemini Insurance Company.

On February 16, 2016, the Court granted a Motion for Judgement on the Pleadings [134] filed by Swiss RE International, previously Zurich Specialties London Limited ("ZSLL") and Gemini Insurance Company, and it also granted a Motion for Judgment on the Pleadings [223] filed by Steadfast Insurance Company. *See Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288 (S.D. Miss. Feb. 16, 2016), ECF No. 370. The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of that ruling.

## II. DISCUSSION

The *Bivens* Plaintiffs and Defendants argue that the Court should reconsider its prior order because 1) it erred in holding that specific factual allegations of independent acts or omissions constituting "wrongful acts" during the relevant policy periods were required to trigger coverage, and 2) that the underlying case's Third Amended Complaint[2] contains specific allegations of "wrongful acts" which occurred during the applicable policy periods.

"[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights

---

[2]*See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

2

and liabilities." FED. R. CIV. P. 54(b); *see also Saqui v. Pride Cent. Am. LLC*, 595 F.3d 206, 210 (5th Cir. 2010). The Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui*, 595 F.3d at 210-11.

### A. *Specific Factual Allegations of a Wrongful Act or Omission*

First, the *Bivens* Plaintiffs and Defendants argues that the Court erred by holding that the *Bivens* Plaintiffs did not allege any specific "wrongful acts," as defined by the applicable policies, during the applicable policy periods. The Court held that the *Bivens* Plaintiffs' generalized, conclusory allegation that none of the *Bivens* Defendants came forward with the truth after conviction was not sufficient to trigger the insurers' duty to defendant under the applicable policies. *Travelers*, 2016 U.S. Dist. LEXIS 18288 at *20-*22. Rather, the Court held that the underlying complaint must include specific allegations of independent acts or omissions during the applicable policy periods to trigger coverage under the relevant policies. *Id.* at *21.

The *Bivens* Plaintiffs and Defendants contend that the Court imposed a "heightened pleading standard" on them. The Court disagrees, for the same reasons and pursuant to the same authorities previously cited. *Id.* at *21-*22. The *Bivens* Plaintiffs and Defendants also argue that the Court judicially modified the policies to remove their coverage of omissions. This is not true. The Court specifically held that "the *Bivens* Plaintiffs did not allege any specific actions *or omissions* by the *Bivens* Defendants during the applicable policy periods," and, therefore, they "did not allege any 'wrongful acts' occurring during the policy periods." *Id.* at *22 (emphasis added).

3

## B.     *The Third Amended Complaint*

Next, the *Bivens* Plaintiffs and Defendants argue that the Third Amended Complaint in the underlying case includes specific allegations of "wrongful acts" triggering coverage under the applicable policies. Specifically, the Third Amended Complaint includes the following allegations:

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Dixon's Motion for a Reduction of Sentence filed on October 10, 1985, and that the motion was denied on October 15, 1985, because the *Bivens* Defendants failed to come forward.[3]

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Dixon's Motion for Post-Conviction Relief filed on September 3, 1993, and that the motion was denied on March 22, 1994, because the *Bivens* Defendants failed to come forward.[4]

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Ruffin's petition for a writ of habeas corpus filed on June 4, 1996, and that the petition was denied on February 28, 1997, because the *Bivens* Defendants failed to come forward.[5]

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence at various early release proceedings, and that they were denied early release because the *Bivens* Defendants failed to come forward. Specifically, they allege that Bivens was up for work release on or around June 3, 1998,

---

[3] *See* Third Amended Complaint at 30, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

[4] *See* Third Amended Complaint at 31-32, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

[5] *See* Third Amended Complaint at 32-33, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

  and that he was up for parole on October 23, 1990; September 8, 1993; July 29, 1998; and May 24, 2001. They allege that Dixon came up for parole on August 15, 1991; July 13, 1993; May 20, 1997; August 27, 1997; April 24, 2001; February 14, 2006; and December 9, 2009. Finally, they allege that Ruffin came up for parole on May 10, 1990; April 7, 1993; February 25, 1998; and May 23, 2001.[6]

- Finally, the *Bivens* Plaintiffs allege that District Attorney Glen White wrote a letter to the members of the Mississippi Department of Corrections Parole Board on January 20, 1998, arguing that Ruffin should not be released from prison, and that Ruffin was denied parole because of the letter.[7]

  2. *Steadfast and Gemini Policies*

The Law Enforcement Liability Insurance policy [134-4] issued by Gemini Insurance Company was effective from November 13, 2004, through November 13, 2005. Therefore, none of the alleged acts or omissions listed above occurred during the Gemini policy's period of coverage. Likewise, the Steadfast policies [223-1, 223-2] were effective from November 13, 2002, through November 13, 2004, and none of the alleged wrongful acts listed above occurred during their periods of coverage. Accordingly, the Court's earlier ruling regarding Steadfast and Gemini remains undisturbed. As the *Bivens* Plaintiffs alleged no "wrongful acts" during the applicable policy periods, neither Steadfast nor Gemini has a duty to defend the *Bivens* Defendants against the *Bivens* Plaintiffs' claims, and because there is no duty to defend, there can be no duty

---

[6]*See* Third Amended Complaint at 33, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

[7]*See* Third Amended Complaint at 35-36, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

to indemnify. *Evanston Ins. Co. v. Neshoba County Fair Ass'n*, 442 F. Supp. 2d 344, 346 n. 1 (S.D. Miss. 2006); *Nationwide Ins. Co. v. Lexington Relocation Servs., LLC*, No. 1:12-CV-181-SA-DAS, 2014 U.S. Dist. LEXIS 38308, at *41 (N.D. Miss. Mar. 24, 2014); *State Farm Fire & Cas. Co. v. Anderson*, No. 1:11-CV-304-KS-JMR, 2013 U.S. Dist. LEXIS 57837, at *17 (S.D. Miss. Apr. 23, 2014).

   2.   *ZSLL Policies*

ZSLL issued two policies to the Forrest County Sheriff's Department – Policy No. ZSL990086 [134-1], effective from November 13, 2000, to November 13, 2001; and Policy No. NSL010067 [134-2], effective from November 13, 2001, to November 13, 2002. Both policies had the same substantive provisions [134-3]. They generally provide: "The Company will pay on behalf of the 'insured(s)' all 'damages' resulting from a 'wrongful act(s)' which arise out of the law enforcement activities. The 'wrongful act(s)' must occur during the policy period . . . ." The policies define a "wrongful act" as "an actual or alleged error or omission, negligent act, neglect or breach of duty by the 'insured' while conducting law enforcement activities, which result[s] in . . . 'Personal Injury.'" The definition of "Personal Injury" includes "Assault and/or battery;" "False arrest, detention or imprisonment, or malicious prosecution;" "Humiliation or mental distress;" and the "Violation of civil rights or discrimination protected under 42 U.S.C. 1981 et sequentia or State Law." Therefore, in general terms, ZSLL is obligated to pay all damages resulting from an actual or alleged error or omission, negligent act, or breach of duty during the policy period by the *Bivens* Defendants employed by Forrest County while they were conducting law enforcement activities which resulted in

assault, battery, false arrest, malicious prosecution, violation of civil rights protected under federal or state law, humiliation, and/or mental distress.

The *Bivens* Plaintiffs alleged that the *Bivens* Defendants failed to come forward with exculpatory evidence at various early release proceedings, including three parole hearings during the ZSLL policy periods. Specifically, the *Bivens* Plaintiffs alleged that the *Bivens* Defendants failed to come forward with the truth at Bivens' parole hearing on May 24, 2001, Dixon's parole hearing on April 24, 2001, and Ruffin's parole hearing on May 23, 2001.

"[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). Here, the policies provide coverage for "wrongful acts" occurring during the policy periods, and the definition of "wrongful acts" includes omissions and/or breaches of duty while conducting law enforcement activities which result in false imprisonment or the violation of civil rights protected under federal and state law. The *Bivens* Defendants' alleged failure to come forward with the truth at specific parole hearings during the policy period is an omission and/or breach of duty[8] that allegedly caused the

---

[8]Mississippi law provides: "It shall be the duty of any judge, district attorney, county attorney, police officer, or other public official of the state, having information with reference to any person eligible for parole, to send such information as may be in his possession or under his control to the board, in writing, upon request of any member of employee thereof." MISS. CODE ANN. § 47-7-19.

7

*Bivens* Plaintiffs' continued false imprisonment and/or the violation of their rights under federal and state law. Accordingly, the *Bivens* Plaintiffs' allegation that the *Bivens* Defendants failed to come forward with the truth at specific parole hearings during the ZSLL policy periods is sufficient to trigger ZSLL's duty to defend its insured against the *Bivens* Plaintiffs' claims for damages resulting from the alleged "wrongful acts."

For these reasons, the Court withdraws its previous opinion insofar as it held that ZSLL has no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs in this case. At present, it is not necessary for the Court to determine when ZSLL's duty to defend arose. This question was neither squarely presented in the present motion nor sufficiently briefed, and, therefore, the Court will not address it. Likewise, the Court declines to address the various defenses to coverage asserted by ZSLL in its Motion for Summary Judgment [416], such as the application of certain policy exclusions or the *Bivens* Defendants' purported failure to provide notice of the *Bivens* Plaintiffs' claims. The Court will address those arguments when it addresses ZSLL's Motion for Summary Judgment [416] in a later opinion.

### IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** the Motion for Reconsideration [424] filed by Defendants/Counter-Plaintiffs. Specifically, the Court **grants** the motion as to its previous ruling that Swiss RE International, previously Zurich Specialties London Limited has no duty to defend or indemnify the *Bivens* Defendants against the claims asserted by the *Bivens* Plaintiffs in the underlying case.

The Court **denies** the motion in all other respects.

SO ORDERED AND ADJUDGED this 22nd day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE