IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THE TRAVELERS INDEMNITY
COMPANY, *et al.*                                                    PLAINTIFFS

V.                                        CIVIL ACTION NO. 2:14-CV-22-KS-MTP

FORREST COUNTY, *et al.*                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the Motions for Summary Judgment

filed by Steadfast Insurance Company [410] and Gemini Insurance Company [414].

I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The

Court has previously discussed the case's background. *See Travelers v. Forrest County*,

No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16,

2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602,

at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370]

motions for judgment on the pleadings filed by Swiss RE International, previously

Zurich Specialties London Limited ("ZSLL"), Gemini Insurance Company, and

Steadfast Insurance Company. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *31-*32.

The Court ruled that the *Bivens* Plaintiffs[1] had not alleged any specific, independent

_____

[1] The Court will refer to the underlying plaintiffs – Defendants/Counter-
Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The
Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs
Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin,
Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The
Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the

wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the claims asserted by the *Bivens* Plaintiffs in the underlying case. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint in the underlying case. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties to the coverage case would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. The Court held that the

---

*Bivens* Parties.

*Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods.

The Court now considers Steadfast Insurance Company's Motion for Summary Judgment [410] and Gemini Insurance Company's Motion for Summary Judgment [414].

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

3

for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. STEADFAST INS. CO.'S MOTION FOR SUMMARY JUDGMENT [410]

Steadfast argues that it has no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. "Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d

4

at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* But "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13

5

So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

Steadfast Insurance Company issued two Law Enforcement Liability Insurance Policies to the Forrest County Sheriff's Department: Policy No. 3627978-00, effective from November 13, 2002, to November 13, 2003 [410-2]; and Policy No. 3627978-01, effective from November 13, 2003, to November 13, 2004 [410-3]. The policies are identical in relevant part. They generally provide that Steadfast will "pay on behalf of the insured all 'damages' resulting from a 'wrongful act(s)' which arise out of the law enforcement activities," and that "[t]he 'wrongful act(s)' must occur during the policy period . . . ." Steadfast also agreed to defend "any 'claim' or 'suit' against any insured even if the allegations . . . are groundless, false or fraudulent." The policies define a "wrongful act" as "an actual or alleged error, omission, act, neglect or breach of duty by the insured while conducting law enforcement activities which result in . . . '[p]ersonal injury' . . . ." The definition of "personal injury" includes "[f]alse arrest, detention, or imprisonment;" "malicious prosecution;" "mental distress;" and the "[v]iolation of civil rights or discrimination protected under" federal or state law.

Among other things, Steadfast argues that no coverage is available under its policies because the *Bivens* Plaintiffs alleged no "wrongful acts" during the relevant policy periods. Indeed, the Court already held as much, in its Memorandum Opinion and Order [370] of February 16, 2016. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *30-*31. However, the *Bivens* Plaintiffs have since filed a Third Amended Complaint, which contains the following specific allegations of wrongful acts and/or omissions by

6

the *Bivens* Defendants:

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Dixon's Motion for a Reduction of Sentence filed on October 10, 1985, and that the motion was denied on October 15, 1985, because the *Bivens* Defendants failed to come forward.[2]

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Dixon's Motion for Post-Conviction Relief filed on September 3, 1993, and that the motion was denied on March 22, 1994, because the *Bivens* Defendants failed to come forward.[3]

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Ruffin's petition for a writ of habeas corpus filed on June 4, 1996, and that the petition was denied on February 28, 1997, because the *Bivens* Defendants failed to come forward.[4]

- The *Bivens* Plaintiffs allege that the *Bivens* Defendants failed to come forward with exculpatory evidence at various early release proceedings, and that they were denied early release because the *Bivens* Defendants failed to come forward. Specifically, they allege that Bivens was up for work release on or around June 3, 1998, and that he was up for parole on October 23, 1990; September 8, 1993; July 29, 1998; and May 24, 2001. They allege that Dixon came up for parole on August 15, 1991; July 13, 1993; May 20, 1997; August 27, 1997; April 24, 2001; February 14, 2006; and December 9, 2009. Finally, they allege that Ruffin came up for parole on May 10, 1990; April 7, 1993; February 25, 1998; and May

---

[2]*See* Third Amended Complaint at 30, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

[3]*See* Third Amended Complaint at 31-32, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

[4]*See* Third Amended Complaint at 32-33, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

23, 2001.[5]

- Finally, the *Bivens* Plaintiffs allege that District Attorney Glen White wrote a letter to the members of the Mississippi Department of Corrections Parole Board on January 20, 1998, arguing that Ruffin should not be released from prison, and that Ruffin was denied parole because of the letter.[6]

None of these alleged acts or omissions occurred during the Steadfast policy periods. Therefore, the allegations of the *Bivens* Plaintiffs' Third Amended Complaint do not "reasonably bring a claim within the coverage of" the Steadfast policies, and Steadfast has no duty to defend the *Bivens* Defendants. *Carl E. Woodward*, 749 F.3d at 398. If it has no duty to defend, "there can be no duty to indemnify." *Evanston Ins. Co.*, 442 F. Supp. at 346 n. 1.

The *Bivens* Plaintiffs and Defendants contend that specific allegations of independent wrongful acts or omissions occurring during the applicable policy periods are not required to state a claim that falls within the policies' coverage. They apparently argue that their generalized, conclusory allegations that the *Bivens* Defendants failed to come forward with the truth during the last thirty years are sufficient to trigger coverage. The Court disagrees, for the same reasons and pursuant to the same authorities cited in its previous order [370]. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *21-*22.

---

[5] *See* Third Amended Complaint at 33, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

[6] *See* Third Amended Complaint at 35-36, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

8

The *Bivens* Parties also argue that an allegation of a specific wrongful act or omission during the policy period is not required to trigger coverage unless the policy includes a "deemer clause," which provides "that a single wrongful act shall be deemed to have taken place on the date of the initial wrongful act," citing *In re Feature Realty Litigation*, 468 F. Supp. 2d 1287, 1302-03 (E.D. Wash. 2006). However, the policy at issue in *Feature Realty* included a continuous trigger provision: "All claims or 'suits' for 'ultimate net loss' arising out of the same 'wrongful act' or series of continuous, repeated or interrelated 'wrongful acts' will be construed as arising out of one 'wrongful act.'" *Id.* at 1301. The court noted that "it is not uncommon for this type of policy to include a . . . 'deemer clause'" to specify when the wrongful act occurred. *Id.* In the absence of a deemer clause, the court held that "nothing in the policy requires the act to be deemed committed at a single fixed point in time." *Id.* at 1302.

Here, the policy does not incorporate a continuous trigger provision, and the Court conducted a thorough review of the relevant case law and explicitly rejected a continuing trigger theory. *Travelers*, 2016 U.S. Dist. LEXIS 18288 at *18-*22. Therefore, the absence of a deemer clause is irrelevant to the Court's analysis.

Finally, the *Bivens* Parties argue that the Steadfast policies provide coverage for injuries sustained at any time, rather than only during the policy period. This argument is irrelevant. The Court's analysis turns on the date of the wrongful act or omission, rather than the date of injury. As noted above and in the Court's previous orders, the *Bivens* parties have not alleged any specific wrongful acts or omissions during the Steadfast policy periods.

For these reasons, the Court **grants** the Motion for Summary Judgment [410] filed by Steadfast Insurance Company. Steadfast has no duty to defend or indemnify the *Bivens* Defendants against the claims asserted by the *Bivens* Plaintiffs.

## IV. GEMINI INS. CO.'S MOTION FOR SUMMARY JUDGMENT [414]

Gemini argues that it has no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. Gemini issued a Law Enforcement Liability Insurance policy [414-1]] to the Forrest County Sheriff's Department: Policy Number UGL0000109-00, effective from November 13, 2004, to November 13, 2005. Gemini agreed to "pay those sums that the Insured becomes legally obligated to pay as 'damages' because of a 'wrongful act' arising out of law enforcement activities by or on behalf of the Named Insured," provided that "[t]he 'wrongful act' is committed or occurs during the policy period . . . ." Gemini likewise agreed to defend the Forrest County Sheriff's Department against "any 'claim' or 'suit' seeking 'damages' to which [the] insurance applies." The policy defines a "wrongful act" as "an actual or alleged error, omission, act, neglect or breach of duty by the insured while conducting law enforcement activities which result[s] in . . . '[p]ersonal [i]njury' . . . ," and the policy's definition of "personal injury" includes "[f]alse arrest," "detention or imprisonment," "malicious prosecution," "[h]umiliation or mental distress," and the "[v]iolation of civil rights . . . protected under" federal or state law.

Therefore, in general terms, Gemini is obligated to defend and indemnify against claims resulting from wrongful acts or omissions by the *Bivens* Defendants employed by Forrest County while conducting law enforcement activities during the policy period

10

which caused the *Bivens* Plaintiffs to suffer false arrest, malicious prosecution, the violation of civil rights protected under federal and state law, humiliation, and/or mental distress.

Among other things, Gemini argues that the *Bivens* Plaintiffs did not allege any specific wrongful acts or omissions during the applicable policy period, as the Court ruled in its previous order. *Travelers*, 2016 U.S. Dist. LEXIS 18288 at *28-*29. The *Bivens* Plaintiffs filed a Third Amended Complaint, which contains several specific allegations of post-conviction wrongful acts and/or omissions by the *Bivens* Defendants. However, the *Bivens* Plaintiffs alleged no specific wrongful acts or omissions during the Gemini policy period of November 13, 2004, to November 13, 2005. Accordingly, the allegations of the *Bivens* Plaintiffs' Third Amended Complaint do not "reasonably bring a claim within the coverage of" the Gemini policies, and Gemini has no duty to defend the *Bivens* Defendants. *Carl E. Woodward*, 749 F.3d at 398. If it has no duty to defend, "there can be no duty to indemnify." *Evanston Ins. Co.*, 442 F. Supp. at 346 n. 1.

The *Bivens* Plaintiffs and Defendants again argue that specific allegations of independent wrongful acts or omissions occurring during the applicable policy periods are not required to state a claim that falls within the policies' coverage. The Court disagrees, for all the reasons previously provided. The *Bivens* Parties also argue that an allegation of a specific wrongful act or omission during the policy period is not required to trigger coverage unless the policy includes a deemer clause. The Court disagrees, for the same reasons provided above. Finally, the *Bivens* Parties argue that the Gemini policies provide coverage for injuries sustained at any time, rather than

11

only during the policy period. Again, this argument is irrelevant to the question of when the precipitating wrongful act or omission occurred.

For these reasons, the Court **grants** the Motion for Summary Judgment [414] filed by Gemini Insurance Company. Gemini has no duty to defend or indemnify the *Bivens* Defendants against the claims asserted by the *Bivens* Plaintiffs.

## V. CONCLUSION

For the reasons above, the Court **grants** the Motions for Summary Judgment filed by Steadfast Insurance Company [410] and Gemini Insurance Company [414].

SO ORDERED AND ADJUDGED this 23rd day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

12