IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THE TRAVELERS INDEMNITY
COMPANY, *et al.*                                                        PLAINTIFFS

V.                                           CIVIL ACTION NO. 2:14-CV-22-KS-MTP

FORREST COUNTY, *et al.*                                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** the

Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, the

Travelers Indemnity Company of America, United States Fidelity and Guaranty

Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers").

The Court also **grants** the *Bivens* Parties' Motion for Partial Summary Judgment [432]

as to Travelers.

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The

Court has previously discussed the case's background. *See Travelers v. Forrest County*,

No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16,

2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602,

at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370]

motions for judgment on the pleadings filed by Swiss RE International, previously

Zurich Specialties London Limited ("ZSLL"), Gemini Insurance Company, and

Steadfast Insurance Company. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *31-*32.

The Court ruled that the *Bivens* Plaintiffs[1] had not alleged any specific wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it

---

[1]The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin, Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

in part. Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016.

The Court now considers the Motion for Summary Judgment [418] filed by Travelers, and the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding

3

whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. TRAVELERS' MOTION FOR SUMMARY JUDGMENT [418]

Travelers issued several insurance policies to Forrest County and one insurance policy to the City of Hattiesburg at various times during the past couple of decades, and it argues that it has no duty under these policies to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. "Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true

4

facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* But "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer.

5

Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

## A.    *"Non-LEL" Policies*

The parties' briefing divides the Travelers policies into two general categories: Law Enforcement Liability ("LEL") policies and Non-LEL policies. Travelers issued the following Non-LEL policies to Forrest County: General Liability policies effective from February 18, 1993, to February 18, 1999; Public Official Liability policies effective from February 18, 1993, to February 18, 1997; and Public Entity Management Liability policies effective from February 18, 2005, to February 18, 2014. Travelers also issued Owners and Contractors Protective Liability policies to the City of Hattiesburg.[2]

Travelers argues that the *Bivens* Parties previously conceded that there was no coverage available under the Non-LEL policies issued to Forrest County. In response,

---

[2]The policies are listed in the Complaint [1], and copies of some of them are attached as exhibits to the Complaint [1-3, 1-4, 1-6].

the *Bivens* Parties contend that they only conceded that the Non-LEL policies provided no coverage to the extent the Court finds that the injuries alleged in the underlying complaint were caused by law enforcement operations or activities. In reply, Travelers argues that the Non-LEL policies provide no coverage against the *Bivens* Plaintiffs' claims because they exclude all liability arising out of law enforcement activities – implicitly conceding that the *Bivens* Plaintiffs' claims arise from law enforcement activities.

Therefore, the Court will assume that Travelers and the *Bivens* Parties agree that the claims asserted in the Third Amended Complaint arise out of law enforcement activities, and that no coverage is provided by the Travelers Non-LEL policies. Accordingly, the Court finds that Travelers has no duty under the Travelers Non-LEL policies to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims, and it grants Travelers' Motion for Summary Judgment [418] in that respect.

The *Bivens* Parties conceded in their response [269] to Travelers' first Motion for Summary Judgment that the Owners and Contractors Protective Liability policies issued to the City of Hattiesburg provide no coverage for the *Bivens* Plaintiffs' claims against the *Bivens* Defendants. Accordingly, the Court also grants Travelers' Motion for Summary Judgment in that respect.

**B.    *Law Enforcement Liability Policies – Forrest County***

Travelers also argues that it has no duty to defend or indemnify the *Bivens* Defendants under a liability insurance policy [1-5] issued by St. Paul Fire & Marine Insurance Company from February 18, 2005, to February 18, 2011 (the "LEL policy").

The LEL policy was issued to the Forrest County Board of Supervisors, effective for one year following the date of issuance and renewed each year from 2005 through 2010, and its terms did not materially alter from one year to the next. The LEL policy contained various coverages, including the "Law Enforcement Liability Protection" coverage at dispute here.

The LEL policy provided, in relevant part:

**Law enforcement liability.** We'll pay amounts any protected person is legally required to pay as damages for covered injury or damage that:

- results from law enforcement activities or operations by or for you;

- happens while this agreement is in effect; and

- is caused by a wrongful act that is committed while conducting law enforcement activities or operations.

Exhibit 3 to Complaint at 11, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. Feb. 18, 2014), ECF No. 1-5. The LEL policy also provided that Travelers has "the right and duty to defend any protected person against a claim for injury or damage covered by this agreement," "even if all of the allegations of the claim are groundless, false, or fraudulent." *Id.* at 12. Travelers agreed to "apply this agreement to claims for covered injury or damage whenever they're made or brought." *Id.* at 14.

The policy contains a number of definitions relevant to the Court's analysis. First, it defines "injury or damage" as "bodily injury, personal injury, or property damage," and it defines "bodily injury" as "any harm to the health of other persons," including "care, loss of services, or death that results from such harm." *Id.* at 11. The

definition of "harm" includes:

- Physical harm, sickness, or disease.

- Mental anguish, distress, injury, or illness.

- Emotional distress.

- Humiliation.

*Id.* The definition of "personal injury" is:

[I]njury, other than bodily injury, caused by any of the following wrongful acts:

- False arrest, detention, or imprisonment.

* * *

- Violation of civil rights protected under any federal, state, or local law.

*Id.* at 12. The policy defines "law enforcement activities or operations" as "any of the official activities or operations of your police department, sheriff agency, or other public safety organization which enforces the law and protects persons or property." *Id.* Finally, the policy defines a "wrongful act" as "any act, error, or omission." *Id.*

Therefore, in general terms, the LEL policy is an "occurrence" policy, rather than a "claims made" policy. *See Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n. 2 (5th Cir. 1999) (explaining difference between occurrence and claims-made policies). However, the occurrence which triggers coverage is the claimant's injury, rather than the policyholder's wrongful act. Travelers agreed to pay any amount that the insured is legally required to pay as damages for any bodily injury or personal injury – including emotional distress, humiliation, false imprisonment, and

the violation of civil rights – that happens during the policy period and was caused by a wrongful act that was committed while conducting law enforcement activities.

Here, the *Bivens* Plaintiffs alleged injuries that occurred during the LEL policy periods caused by wrongful acts or omissions committed while conducting law enforcement activities. Specifically, they alleged that Bivens was falsely imprisoned from February 18, 2005, to September 16, 2010; and that Dixon was falsely imprisoned from February 18, 2005, to August 2010.[3] Plaintiffs also alleged that these injuries were caused by wrongful acts that were committed while conducting law enforcement activities – specifically, the alleged wrongful acts surrounding the investigation, prosecution, and conviction of Bivens, Dixon, and Ruffin in 1979 and 1980, as described in *Bivens*, 2015 U.S. Dist. LEXIS 40602 at *3-*10. The *Bivens* Plaintiffs also alleged that Dixon was denied parole on February 14, 2006, and December 9, 2009, and that the denial of parole was caused by the *Bivens* Defendants' failure to come forward with exculpatory evidence at the parole hearings. Therefore, barring the application of any exclusion, the Court finds that the *Bivens* Plaintiffs alleged sufficient facts to state claims within the LEL policies' coverage.

    1.    *Triggered at the Time of Indictment*

Citing a variety of cases from other jurisdictions, Travelers argues that the trigger for coverage of a civil rights suit arising from a wrongful conviction is, at latest, when the exonerated claimant was charged or indicted for the crime. But application

---

[3]Ruffin died in 2002, and, therefore, he suffered no injuries during the applicable policy periods.

of a blanket triggering rule to every coverage case arising from a wrongful conviction claim is not feasible under Mississippi law. Every insurance policy has its own specific language, coverages, and exclusions, and the duty to defend "is triggered when the allegations of [a] complaint reasonably bring a claim within the coverage of [a] policy." *Woodward*, 749 F.3d at 398. Application of a blanket triggering rule may be expedient, but it does not comport with Mississippi law governing the interpretation of insurance contracts and determination of an insurer's duty to defend. *See id.; Nationwide*, 515 F.3d at 419.

The Court further notes that the cases cited by Travelers in support of this argument are distinguishable and/or unpersuasive. For example, in *Genesis Ins. Co. v. City of Council Bluffs*, 677 F.3d 806, 812 (8th Cir. 2012), while the policy required an injury during the policy period caused by malicious prosecution, the court focused on when the tort occurred, apparently conflating the claimant's alleged injury with the tort that caused it. In *Royal Indem. Co. v. Werner*, 979 F.2d 1299 (8th Cir. 1992), and *Sarsfield v. Great Am. Ins. Co.*, 335 F. App'x 63 (1st Cir. 2009), the policies required the wrongful actions to occur during the policy period, rather than the injuries caused by those actions. Likewise, in *City of Erie v. Guaranty Nat'l Ins. Co.*, 109 F.3d 156 (3rd Cir. 1997), the court focused on when the tort occurred, rather than the injury. Finally, *North River Ins. Co. v. Broward County Sheriff's Office*, 428 F. Supp. 2d 1284, 1289-90 (S.D. Fla. 2006), turned on a particular rule of Florida law requiring that a claimant's injury first manifest during the policy period. Even if a majority of jurisdictions have held that the trigger for liability coverage of wrongful conviction claims is the initiation

11

of legal process, Travelers has cited no Mississippi law to that effect.

2.    *Post-Conviction Conduct*

Travelers also argues that the *Bivens* Plaintiffs' allegations of post-conviction conduct arise from the initial pre-conviction wrongful acts. In other words, Travelers argues that the *Bivens* Defendants' failure to come forward with exculpatory evidence after the *Bivens* Plaintiffs' convictions does not constitute a new act or omission. This argument is irrelevant insofar as the LEL policy's coverage is triggered by *injuries* during the policy period, rather than the wrongful acts causing the injuries.

3.    *Continuing Injury/Trigger*

Travelers also argues that any injuries suffered by the *Bivens* Plaintiffs during the policy period are continuations of the same injury initially suffered in 1979-1980. Travelers cited no Mississippi law in support of this argument. "In Mississippi, an insurance company's duty to defend its insureds derives neither from common law nor statute, but rather from the provisions of . . . its insurance contract with the insured." *Muirhead*, 920 So. 2d at 450. Insurance policies must be construed as written when plain and unambiguous, and they must be read "most favorably" to the policyholder. *Nationwide*, 515 F.3d at 419.

Indeed, this Court has previously noted that "[t]he majority of courts that have considered the issue" of when an injury occurs for purposes of determining insurance coverage "have adopted the 'continuous trigger' theory," which "defines damage broadly to include the entire process of damage from exposure to manifestation when the damage is of a continuous and progressive nature." *Essex Ins. Co. v. Massey Land &*

*Timber, LLC*, No. 5:04-CV-102-DCB-JCS, 2006 WL 1454767, at *3 (S.D. Miss. May 24, 2006) (citing cases). The Court made an *Erie* guess "that the Mississippi Supreme Court would follow the majority position . . . and apply the 'continuous trigger' theory." *Id.*

The Mississippi Supreme Court's treatment of multiple actions forming a single occurrence suggests that this Court's guess was correct. In *Crum*, the Supreme Court held: "[A] factual issue of whether multiple acts are sufficiently related to constitute one occurrence of loss only arises where the applicable policy language unambiguously states that multiple acts may be so treated." *Crum v. Johnson*, 809 So. 2d 663, 667 (Miss. 2002). Therefore, as noted above, Mississippi does not apply a blanket rule that an injury or occurrence always happens at a specific point in time, such as manifestation. Rather, Mississippi law requires that the insurance policy be construed as written when plain and unambiguous, and that it be read "most favorably" to the policyholder. *Nationwide*, 515 F.3d at 419. Absent a policy provision stating that multiple injuries occurring over a course of time must be treated as one injury occurring at a single point in time, the Court elects to treat multiple injuries over time as independent triggers at various points in time.

Travelers cited cases from other jurisdictions in support of this argument, but they are distinguishable. As noted above, *North River Ins. Co. v. Broward County Sheriff's Office*, 428 F. Supp. 2d at 1289-90, turned on a particular rule of Florida law that an injury occurs when it first manifests. Likewise, *Coregis Ins. Co. v. City of Harrisburg*, No. 1:03-CV-920, 2006 WL 860710, at *3, *8-*10 (M.D. Penn. Mar. 30,

2006), turned on a particular rule of Pennsylvania law that a tort occurs when the alleged injury first manifests, and the policies addressed there required both the alleged injury and the actions causing the injury to occur during the policy period. Finally, the policy in *Sarsfield v. Great Am. Ins. Co.*, 335 F. App'x at 67, required the wrongful acts to occur during the policy period, rather than the injury caused by them.

The policy here plainly provides coverage for injuries sustained during the policy period, and the *Bivens* Plaintiffs plainly alleged that Bivens and Dixon were in prison for a crime they did not commit during the policy period. Therefore, the *Bivens* Plaintiffs alleged an injury during the policy period.

    *4.    Criminal, Fraudulent, Malicious Acts Exclusion*

The LEL policies contain the following exclusion:

**Criminal, dishonest, fraudulent, or malicious acts.**
We won't cover injury or damage that results from any criminal, dishonest, fraudulent, or malicious act or omission committed:

    ·    by the protected person; or

    ·    with the consent or knowledge of the protected person.

However, we won't apply this exclusion to our duty to defend that protected person until it has been determined through legal processes that such act or omission was committed:

    ·    by the protected person; or

    ·    with the consent or knowledge of the protected person.

Nor will we apply this exclusion to personal injury caused by malicious prosecution.

Exhibit 3 to Complaint at 17, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-

MTP (S.D. Miss. Feb. 18, 2014), ECF No. 1-5. Travelers argues that the "gravamen" of the underlying suit is that the *Bivens* Defendants "engaged in fraudulent, criminal, and dishonest conduct in investigating and prosecuting the claimants," and, therefore, the *Bivens* Plaintiffs' claims are excluded from coverage.

"The insurer bears the burden to produce evidence to support its affirmative defense that the causes of the losses are excluded by the policy." *Hoover v. United Servs. Auto. Ass'n*, 125 So. 3d 636, 642 n. 7 (Miss. 2013); *see also Corban*, 20 S. 3d at 618. "Exclusions and limitations on coverage are . . . construed in favor of the insured. Language in exclusionary clauses must be clear and unmistakable, as those clauses are strictly interpreted." *Corban*, 20 So. 3d at 609 (quoting *Martin*, 998 So. 2d at 963); *see also State Farm Mut. Auto. Ins. Co. v. Logisticare Solutions, LLC*, 751 F.3d 684, 688 (5th Cir. 2014).

Here, the *Bivens* Plaintiffs alleged more actions and omissions than the Court cares to count, committed by numerous defendants, across a period of decades in a pleading that is seventy-nine pages long. Without any supporting analysis, citations to legal authority, or discussion, Travelers argues that every one of those actions and omissions constitutes a criminal, dishonest, fraudulent, or malicious act or omission. Travelers cited no criminal statutes or case law; it merely declared that the "gravamen" of the underlying suit is that the *Bivens* Defendants "engaged in fraudulent, criminal, and dishonest conduct in investigating and prosecuting the claimants." The Court declines to apply the crime/fraud exclusion on such a flimsy basis. If Travelers wants the crime/fraud exclusion to apply, it will have to "show its

15

math" and demonstrate that each act or omission alleged in the Third Amended Complaint constitutes a criminal, fraudulent, and/or dishonest act or omission.

The Court further notes that the exclusion specifically provides that Travelers will not "apply this exclusion to our duty to defend that protected person until it has been determined through legal processes that such act or omission was committed . . . by the protected person; or . . . with the consent or knowledge of the protected person." Exhibit 3 to Complaint at 17, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. Feb. 18, 2014), ECF No. 1-5. There has been no such legal determination in the underlying case or otherwise.

    *4.    Defendants Not Employed by Forrest County during Policy Period*

Finally, Travelers argues that there is no coverage available for any individual *Bivens* Defendant who was not employed by Forrest County during the policy period. The policy provides, in relevant part:

> **Who Is Protected Under This Agreement**
>
> **Public entity.** If you are a public entity named in the introduction, you are a protected person.
>
> **Elected or appointed officials**. Your lawfully elected or appointed officials are protected persons only for the conduct of their duties as your elected or appointed officials.
>
> **Employees and volunteer workers.** Your employees and volunteer workers are protected persons only for:
>
>     ·    work done within the scope of their employment by you; or
>
>     ·    their performance of duties related to the conduct of your operations.

16

*Id.* at 15.

Therefore, the policy does not require that the individual *Bivens* Defendants have been employed by Forrest County during the policy period. Rather, it provides coverage for elected or appointed officials' "conduct of their duties as . . . elected or appointed officials," and for employees' "work done within the scope of their employment" by the County and "the performance of duties related to the conduct of [County] operations." *Id.* The pertinent question, therefore, is whether they were employed by Forrest County at the time they committed the actions and omissions alleged in the Third Amended Complaint.

## C. *Conclusion*

For these reasons, the Court finds that the *Bivens* Plaintiffs alleged sufficient facts to state claims for injuries covered by the liability insurance policy number GP09313521 [1-5] issued by St. Paul Fire & Marine Insurance Company to the Forrest County Board of Supervisors from February 18, 2005, to February 18, 2011 (the "LEL policy"). "So long as some allegation within the underlying complaint potentially triggers coverage under the insurance policy, the insurer has a duty to defend . . . ." *Coleman v. Acceptance Indem. Ins. Co.*, No. 5:08-CV-260-DCB-JMR, 2009 U.S. Dist. LEXIS 54742, at *7 (S.D. Miss. June 26, 2009); *see also Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 421 (5th Cir. 2008). Accordingly, St. Paul/Travelers has a duty to defend the *Bivens* Defendants in the underlying case. The Court can not presently determine whether St. Paul has a duty to indemnify the *Bivens* Defendants, as the duty to indemnify turns on the actual facts proven by the *Bivens* Plaintiffs at

trial. *Bradley*, 647 F.3d at 531. The Court **grants in part and denies in part** Travelers' Motion for Summary Judgment [418], as provided above.

## IV. THE *BIVENS* PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TRAVELERS [432]

The *Bivens* Plaintiffs and Defendants filed a Motion for Partial Summary Judgment [432] asking the Court to hold that Travelers breached its duty to defend in the underlying case. For the reasons provided above, the Court finds that Travelers has a duty to defend the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. To the extent Travelers has refused to provide a defense, it breached the policy. The Court **grants** the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers.

## V. CONCLUSION

For these reasons, the Court **grants in part and denies in part** the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, the Travelers Indemnity Company of America, United States Fidelity and Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"). Specifically, the Court grants the motion as to the "Non-LEL" policies – the General Liability policies issued to Forrest County and effective from February 18, 1993, to February 18, 1999; the Public Official Liability policies issued to Forrest County and effective from February 18, 1993, to February 18, 1997; the Public Entity Management Liability policies issued to Forrest County and effective from February 18, 2005, to February 18, 2014; and the Owners and Contractors Protective Liability policies issued to the City

18

of Hattiesburg. However, the Court **denies** the motion as to the liability insurance policy number GP09313521 [1-5] issued by St. Paul Fire & Marine Insurance Company to the Forrest County Board of Supervisors from February 18, 2005, to February 18, 2011. The Court also **grants** the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers' duty to defend under the St. Paul policy No. GP09313521 issued from February 18, 2005, to February 18, 2011.

SO ORDERED AND ADJUDGED this 29th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE