IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*                                                                    **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO. 2:14-CV-22-KS-MTP**

**FORREST COUNTY,** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Sirius America Insurance Company's Motion for Summary Judgment [402] and **grants in part and denies in part** the *Bivens* Parties' Motion for Partial Summary Judgment [422] as to Sirius America.

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court previously discussed the case's background. *See Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions for judgment on the pleadings filed by Swiss RE International, previously Zurich Specialties London Limited ("ZSLL"), Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *31-*32. The Court ruled that the *Bivens* Plaintiffs[1] had not alleged any specific wrongful acts or omissions

---

[1] The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The

during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the

---

Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin, Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

motion with respect to its previous ruling that ZSLL had no duty to defend or indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. *Id.* at *17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at *14-*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at *13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at *22.

The Court now considers Sirius America Insurance Company's Motion for Summary Judgment [402] and the *Bivens* Parties' Motion for Partial Summary

Judgment [422] as to Sirius America.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## III. SIRIUS AMERICA'S MOTION FOR SUMMARY JUDGMENT [402]

Sirius America issued two Law Enforcement Professional Liability insurance policies to the Forrest County Sheriff's Department. It argues that it has no duty under those policies to defend or indemnify the *Bivens* Defendants against the *Bivens*

4

Plaintiffs' claims. "Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* But "if there is no duty to defend, there can be no

5

duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

### A.     *The Policies*

Sirius America issued two Law Enforcement Professional Liability Insurance

policies to the Forrest County Sheriff's Department: Certificate No. 590-1475, effective from October 7, 1984, to November 13, 1984 [402-1]; and Certificate No. 590-1654, effective from November 13, 1984, to November 13, 1985 [402-2]. The policies are identical in their relevant parts.

> The policies' general "Insuring Agreement" provides, in relevant part:
>
> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obliged to pay as civil damages because of wrongful acts arising out of Law Enforcement activities, as follows:
>
> Coverage A – Personal Injury
> Coverage B – Bodily Injury
> \* \* \*
> Coverage D – Punitive Damages (Where Permit[t]ed by Law)
>
> to which this policy applies and the Company shall have the right and duty to defend any claim or suit against the Insured seeking damages on account of such wrongful acts, even if the allegations of the claim or suit are groundless, false or fraudulent . . . .

Exhibit A to Second Motion to Summary Judgment at 2, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 402-1; Exhibit B to Second Motion to Summary Judgment at 2, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 402-2.

The policies also contain numerous definitions relevant to the Court's analysis. First, the definition of "personal injury" includes "false arrest, . . . false imprisonment, malicious prosecution, assault and battery, libel, slander, defamation of character, discrimination, mental anguish, . . . [and] deprivation of any rights, privileges or immunities secured by the Constitution and Laws of the United States of America or the State for which the Named Insured may be held liable to the party injured in any

7

action at law . . . ." Exhibits A [402-1] & B [402-2] at 3. But "no act shall be deemed to be or result in personal injury unless committed in the regular course of duty by the insured." *Id.*

The policies define "bodily injury" as "bodily injury, sickness, or disease sustained by a person which occurs during the policy period . . . ." *Id.* The definition of "wrongful act" includes "[a]ctual or alleged error, misstatement or misleading statement, omission, neglect or breach of duty by the insured individual or collectively, while acting or failing to act within the scope of his employment or official duties pertaining to the law enforcement functions of the Insured." *Id.* However, the policies explicitly provide that they "appl[y] only to acts committed or alleged to have been committed during the policy period stated in the declarations." *Id.*

Therefore, in general terms, the policies are "occurrence" policies, providing coverage for wrongful acts committed or alleged to have been committed during the policy periods. *See Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n. 2 (5th Cir. 1999) (defining "occurrence" policies). However, in the case of claims for "bodily injury" – as contrasted with "personal injury" – the "bodily injury" must also occur during the policy period. Therefore, Sirius America agreed to pay and to defend against damages arising from "personal injury" caused by "wrongful acts" committed during the policy period, and to pay and defend against "bodily injuries" which occur during the policy period and were caused by "wrongful acts" committed during the policy period.

Here, the *Bivens* Plaintiffs alleged no specific wrongful acts during the first

8

policy period of October 7, 1984, to November 13, 1984, for Certificate No. 590-1475 [402-1]. However, the *Bivens* Plaintiffs alleged that the *Bivens* Defendants failed to come forward with exculpatory evidence in response to Dixon's motion for a reduction of sentence filed on October 10, 1985, and that the motion was denied on October 15, 1985, because of their failure to come forward. This is an allegation of a specific omission during the policy period of November 13, 1984, through November 13, 1985, for Certificate No. 590-1654 [402-2]. The alleged omission was committed during the *Bivens* Defendants' regular course of duty, and it allegedly caused the *Bivens* Plaintiffs to suffer "personal injury," as defined by the policy. Accordingly, the Court finds that the facts alleged by the *Bivens* Plaintiffs in the Third Amended Complaint are sufficient to state a claim within the coverage of the Sirius America Certificate No. 590-1654 [402-2], but they do not state a claim within the coverage of Sirius America Certificate No. 590-1475 [402-1].

### B.     *Triggered at Time of Arrest/Indictment*

Sirius America argues that the trigger for coverage of a civil rights suit arising from a wrongful conviction is, at latest, when the exonerated person is charged or indicted for the crime. The Court rejects this argument for the same reasons provided in a previous opinion. *See Travelers*, 2016 U.S. Dist. LEXIS 84534 at *12-*14.

### C.     *Continuation of Prior Acts/Continuous Trigger Theory*

Sirius America also argues that the *Bivens* Defendants' alleged post-conviction actions and omissions are "merely continuations" of their initial actions and omissions and, therefore, do not constitute new wrongful acts triggering coverage.

9

To the extent Sirius America argues that this was the Court's prior holding and, therefore, the law of the case, it is mistaken. The Court previously granted ZSLL's motion for judgment on the pleadings because the operative pleading at the time did not contain any allegations of "specific actions or omissions by any specific defendant" during the applicable policy period, and "[g]eneralized, conclusory allegations . . . are not sufficient to trigger coverage." *Travelers*, 2016 U.S. Dist. LEXIS 18288 at *21. The Court later reconsidered its decision because the *Bivens* Plaintiffs' Third Amended Complaint included specific allegations of post-conviction wrongful acts during the ZSLL policy period. *Travelers*, 2016 U.S. Dist. LEXIS 81206 at *16-*17.

Mississippi law does not provide a blanket trigger rule in coverage cases of this sort. Rather, determination of an insurance company's duty to defend its policyholder "derives . . . from the provisions of . . . its insurance contract with the insured." *Muirhead*, 920 So. 2d at 450. "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward*, 749 F.3d at 398. An insurance policy must be construed as written when plain and unambiguous, and it must be read "most favorably" to the policyholder. *Lake Caroline*, 515 F.3d at 419. Therefore, the Court's goal is to "afford [the disputed policies] their plain, ordinary meaning and . . . apply them as written," without resorting to the semantics of causation or sophistic analyses of whether an alleged act or injury is a mere continuation of a previous one. *Guidant Mut. Ins. Co.*, 13 So. 3d at 1281. Indeed, the Mississippi Supreme Court's prior treatment of multiple actions forming a single occurrence suggests that the Court's plain, direct approach is correct:

10

"[A] factual issue of whether multiple acts are sufficiently related to constitute one occurrence of loss only arises where the applicable policy language unambiguously states that multiple acts may be so treated." *Crum v. Johnson*, 809 So. 2d 663, 667 (Miss. 2002). Therefore, absent a policy provision explicitly stating that multiple actions and/or omissions over a course of time must be treated as a single action and/or omission, the Court will treat multiple actions/omissons as multiple triggers.[2]

### D.     *Defendants Not Employed by Forrest County*

Finally, Sirius America argues that three of the *Bivens* Defendants are not insured persons under the policy.  It is correct. In relevant part, the policy defines an "insured" as:

> (A) Named insured and all paid full or part time employees; (B) unpaid volunteers or reserves while performing law enforcement functions for the Named Insured at the Insured's request; (C) the political subdivision in which the Named Insured is located . . . , and elected or appointed officials or other personnel or units of the political subdivision of which the Named Insured is a unit thereof, with respect to their responsibilities to law enforcement.

Exhibit B [402-2] at 3. Sirius America presented undisputed evidence [402-3] that Defendants Larry James, Jim Erwin, and Arlon Moulds were not employees of Forrest County or the Forrest County Sheriff's Department during the applicable policy period. Therefore, they could not have committed any wrongful acts during the policy period "while acting or failing to act within the scope of . . . employment or official duties

---

[2]To the extent the Court held otherwise in its Memorandum Opinion and Order [370] of February 16, 2016, the Court withdraws that portion of the opinion as improvidently phrased. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *21-*22.

pertaining to the law enforcement functions of the Insured." *Id.*

### *E.     Conclusion*

For these reasons, the Court finds that the *Bivens* Plaintiffs alleged sufficient facts to state a claim covered by the Sirius America Insurance Company Law Enforcement Professional Liability Insurance policy Certificate No. 590-1654 [402-2] effective from November 13, 1984, to November 13, 1985, but they did not state a claim covered by Certificate No. 590-1475 [402-1], effective from October 7, 1984, to November 13, 1984.

"So long as some allegation within the underlying complaint potentially triggers coverage under the insurance policy, the insurer has a duty to defend . . . ." *Coleman v. Acceptance Indem. Ins. Co.*, No. 5:08-CV-260-DCB-JMR, 2009 U.S. Dist. LEXIS 54742, at *7 (S.D. Miss. June 26, 2009); *see also Lake Caroline*, 515 F.3d at 421. Accordingly, Sirius America has a duty to defend the insured *Bivens* Defendants in the underlying case. The Court can not presently determine whether it has a duty to indemnify the *Bivens* Defendants, as the duty to indemnify turns on the actual facts prove by the *Bivens* Plaintiffs at trial. *Bradley*, 647 F.3d 531.

Sirius America has no duty to defend any of the *Bivens* Defendants under Certificate No. 590-1475 [402-1], effective from October 7, 1984, to November 13, 1984. Accordingly, it also has no duty to indemnify under that policy. *Evanston*, 442 F. Supp. at 346 n. 1.

Finally, Sirius America has no duty to defend or indemnify any claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds, as they were not

Forrest County employees during the applicable policy period.

## IV. THE *BIVENS* PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO SIRIUS AMERICA [422]

The *Bivens* Parties filed a Motion for Partial Summary Judgment [422] as to Sirius America's duty to defend the *Bivens* Defendants in the underlying case. For the same reasons outlined above, the Court grants the motion in part and denies it in part. The Court finds that Sirius America has no duty to defend or indemnify under the Sirius America Insurance Company Law Enforcement Professional Liability Insurance policy Certificate No. 590-1475 [402-1], effective from October 7, 1984, to November 13, 1984, but it does have a duty to defend under Certificate No. 590-1654 [402-2] effective from November 13, 1984, to November 13, 1985. Additionally, Sirius America has no duty to defend or indemnify any claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds.

It is not clear from their briefing, but the *Bivens* Parties may argue that they are entitled to coverage under the Sirius America Certificate No. 590-1475 [402-1] effective from October 7, 1984, to November 13, 1984, because the *Bivens* Plaintiffs suffered injuries in 1984 while in prison. For example, they represented in briefing that Ruffin was infected with certain diseases in 1984. As stated above, the Sirius America policies explicitly provide that they "appl[y] only to acts committed or alleged to have been committed during the policy period stated in the declarations." Exhibit A [402-1] at 3. The *Bivens* Plaintiffs alleged no specific wrongful acts, as defined by the policy, within the policy period of October 7, 1984, to November 13, 1984. Therefore, no coverage is

13

available under that policy. To the extent the *Bivens* Parties argue that specific allegations of wrongful acts or omissions are not necessary to trigger coverage, the Court rejects that argument for the same reasons previously stated.

### V. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Sirius America Insurance Company's Motion for Summary Judgment [402] and the *Bivens* Parties' Motion for Partial Summary Judgment [422] as to Sirius America. Specifically, the Court holds that Sirius America has a duty to defend the insured *Bivens* Defendants in the underlying case under Certificate No. 590-1654 [402-2] effective from November 13, 1984, to November 13, 1985, but the Court cannot presently determine whether it has a duty to indemnify them, as the duty to indemnify turns on the actual facts proven by the *Bivens* Plaintiffs at trial. *Bradley*, 647 F.3d 531. But Sirius America has no duty to defend or indemnify any of the *Bivens* Defendants under Certificate No. 590-1475 [402-1], effective from October 7, 1984, to November 13, 1984, and it has no duty to defend or indemnify any claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds.

SO ORDERED AND ADJUDGED this 30th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE