IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*                                                                                       **PLAINTIFFS**

**V.**                                                               **CIVIL ACTION NO. 2:14-CV-22-KS-MTP**

**FORREST COUNTY,** *et al.*                                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Great American E&S Insurance Company's Motion for Summary Judgment [404] and **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [430] as to Great American.

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court previously discussed the case's background. *See Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions for judgment on the pleadings filed by Swiss RE International, previously Zurich Specialties London Limited ("ZSLL"), Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers,* 2016 U.S. Dist. LEXIS 18288 at *31-*32. The Court

ruled that the *Bivens* Plaintiffs[1] had not alleged any specific wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it

---

[1]The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin, Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. *Id.* at *17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at *14-*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at *13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part [515] the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at *22.

3

On June 30, 2016, the Court granted in part and denied in part [516] Sirius America Insurance Company's Motion for Summary Judgment [402] and granted in part and denied in part the *Bivens* Parties' Motion for Partial Summary Judgment [422] as to Sirius America. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 85399 (S.D. Miss. June 30, 2016). Specifically, the Court held that Sirius America has a duty to defend the *Bivens* Defendants under a law enforcement liability policy effective from November 13, 1984, to November 13, 1985, but that it has no duty to defend or indemnify under a policy effective from October 7, 1984, to November 13, 1984. *Id.* at *11. The Court additionally held that Sirius America has no duty to defend or indemnify any of the claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *14.

The Court now considers Great American E&S Insurance Company's Motion for Summary Judgment [404] and the *Bivens* Parties' Motion for Partial Summary Judgment [430] as to Great American.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626

4

F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. GREAT AMERICAN'S MOTION FOR SUMMARY JUDGMENT [404]

Great American E&S Insurance Company, formerly known as Agricultural Excess & Surplus Insurance Company ("Great American"), issued four law enforcement liability policies to the Forrest County Sheriff's Department from 1996 to 2000: policy no. PL 2291574, effective from November 13, 1996, to November 13, 1997 [404-3]; policy no. PL 2291574-01, effective from November 13, 1997, to November 13, 1998 [404-4]; policy no. PL 2291574-02, effective from November 13, 1998, to November 13, 1999 [404-5]; and policy no. PL 2291574-03, effective from November 13, 1999, to November 13, 2000 [404-6]. Great American argues that these policies do not require it to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

"Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To

5

determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Typically, though, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair

reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

The Great American policies are identical in all parts relevant to the Court's analysis. Each one contains the following general insuring agreement:

I.    Insuring Agreement

The Company will pay on behalf of the Insured, subject to the deductible or self-insured retention herein, all sums which the Insured shall become legally obligated to pay as damages as a result of claims made against the

Insured by reason of:

1) Personal Injury
2) Bodily Injury
3) Property Damage

caused by an Occurrence and arising out of the performance of the Insured's duties to provide Law Enforcement Activities as declared in the Policy.

Exhibit B-1 [404-3] at 1; Exhibit B-2 [404-4] at 1; Exhibit B-3 [404-5] at 3; Exhibit B-4 [404-6] at 3. Each policy also provides that Great American has "the right and duty to defend any suit against the Insured seeking damages covered by [the] policy even if any of the allegations of the suit are groundless, false, or fraudulent." Exhibit B-1 [404-3] at 9; Exhibit B-2 [404-4] at 4; Exhibit B-3 [404-5] at 3; Exhibit B-4 [404-6] at 3.

However, each policy contains a "Self-Insurance Endorsement" that requires the insured to pay an initial amount of the loss "as self-insurance." Exhibit B-1 [404-3] at 23; Exhibit B-2 [404-4] at 18; Exhibit B-3 [404-5] at 18; Exhibit B-4 [404-6] at 17. The endorsements also include the following section which replaces the defense provision cited above:

13. It is agreed that all policy provisions regarding the right and duty of the Company to defend any suit against the Insured seeking damages on account of Occurrence covered hereunder are deleted and replaced by the following:

A. The Company shall have no obligation to participate in or to assume charge of the investigation, defense, or settlement of any claims made, or suits brought or proceedings instituted against the Insured even after the retention of the Insured has been paid; but the Company shall have the right and be given the opportunity to associate with the Insured and the Insured's defense counsel in defense and control of any claim, suit, or proceeding relative to any

> > Occurrence which, in the opinion of the Company, may involve liability on the part of the Company under the terms of this policy. In the event of the actual or probable exhaustion or reduction of the Self-Insured Retention, the Company, at its sole discretion, may elect to assume control and defense of any or all claims, suits and proceedings which, in the Company's opinion, may involve this policy.
>
> B. Unless the Company elects otherwise, the Insured shall be solely responsible for the investigation, defense, settlement, and final disposition of any claim made or suit brought or proceedings instituted against the Insured to which this policy would apply. The Insured shall use due diligence and prudence to settle all such claims and suits which, in the exercise of sound judgment should be settled; provided, however, that the Insured shall not make or agree to any settlement for any sum, which would involve the limits of this insurance without the prior written approval of the Company.

Exhibit B-1 [404-3] at ; Exhibit B-2 [404-4] at ; Exhibit B-3 [404-5] at 20; Exhibit B-4 [404-6] at 19. Therefore, according to the plain, unambiguous language of the policies' "Self-Insurance Endorsement," Great American has no duty to defend the *Bivens* Defendants against the claims of the *Bivens* Plaintiffs. It may elect to defend them, but it is not obligated to do so. *See Jones v. S. Marine & Aviation Underwriters, Inc.*, 888 F.2d 358, 362 (5th Cir. 1989) (insurer did not breach duty to defend when policy imposed no such duty).

The *Bivens* Parties argue that Great American waived its right to rely on this endorsement by admitting that it has a duty to defend in its reservation of rights. Of course, such an admission would be contrary to the purpose of a reservation of rights, which is, generally, "a unilaterally written statement by the insurer that the insurer is tendering a defense to the insured while reserving its rights to later contest the

9

existence or validity of coverage and to possibly withdraw the defense in the event it is determined that coverage is not owed." Jeffrey Jackson, Miss. Ins. Law & Practice, § 11:8 (2015). "[I]t is well settled that an insurer is entitled to proceed with a defense under reservation of rights where a dispute as to liability coverage exists," without waiving the right to dispute coverage. *Employers Reinsurance Corp. v. Martin, Gordon, & Jones, Inc.*, 767 F. Supp. 1355, 1363 (S.D. Miss. 1991); *see also Duke v. Hoch*, 468 F.2d 973, 983 (5th Cir. 1972); *Reliance Ins. Co. v. County Line Place, Inc.*, 692 F. Supp. 694, 698 (S.D .Miss. 1988); *Travelers Ind. Co. v. Holiman*, 174 Miss. 220, 164 So. 36 (1935).

An exception to this general rule arises where "the alleged misconduct of the insurer concerns the duty to defend" and "its conduct results in prejudice to the insured." *Twin City Fire Ins. Co. v. City of Madison*, 309 F.3d 901, 906 (5th Cir. 2002) (citing *S. Farm Bureau Cas. Ins. Co. v. Logan*, 238 Miss. 580, 119 So. 2d 268, 272 (1960)). "Even if the insurer would not have been liable had it not assumed the defense in the first instance, it may become liable for withdrawing, because the assumption of the defense may give rise to a duty to continue with the defense." *Id.* But that is not the case here. The *Bivens* Parties have not argued or provided any evidence of such misconduct or prejudice, and Great American never undertook a defense in the first place.

Regardless, Great American's reservation-of-rights letter contains no admission as described by the *Bivens* Parties in briefing. In fact, Great American explicitly stated: "At this time, we are not accepting your demand that we defend this matter, as the

10

policies that Agricultural issued to the Forrest County Sheriff's Department do not impose a duty to defend . . . ." Exhibit B to Motion for Partial Summary Judgment, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, at 2 (S.D. Miss. May 9, 2016), ECF No. 430-2. Great American explained:

> All of the policies are subject to a Self-Insurance Endorsement . . . that, among other things, deletes the provisions in the main policy form . . . regarding the right and duty to defend, and replaces them with provisions stating that Agricultural will have no obligation to participate in or to assume charge of the investigation, defense, or settlement of any claims made or suits brought against the Insured, even after the Insured has paid the Self-Insured Retention.

*Id.* at 4.

For these reasons, the Court finds that Great American E&S Insurance Company has no duty to defend the *Bivens* Defendants against the *Bivens* Plaintiffs' claims under the following law enforcement liability policies issued to the Forrest County Sheriff's Department from 1996 to 2000: policy no. PL 2291574, effective from November 13, 1996, to November 13, 1997 [404-3]; policy no. PL 2291574-01, effective from November 13, 1997, to November 13, 1998 [404-4]; policy no. PL 2291574-02, effective from November 13, 1998, to November 13, 1999 [404-5]; and policy no. PL 2291574-03, effective from November 13, 1999, to November 13, 2000 [404-6].

Typically, "if there is no duty to defend, there can be no duty to indemnify." *Evanston*, 442 F. Supp. at 346 n. 1. However, the policy here provides that there may still be a duty to indemnify – after payment of the Self-Insured Retention – despite there being no duty to defend. "Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be

ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. The "duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Therefore, the Court can not presently determine whether there exists any duty to indemnify.

## IV. THE *BIVENS* PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO GREAT AMERICAN [430]

The *Bivens* Parties filed a Motion for Partial Summary Judgment [430] as to Great American E&S Insurance Company's duty to defend the *Bivens* Defendants in the underlying case. For the same reasons provided above, the Court denies their motion.

## V. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Great American E&S Insurance Company's Motion for Summary Judgment [404] and **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [430] as to Great American. Specifically, the Court finds that Great American E&S Insurance Company has no duty to defend the *Bivens* Defendants in the underlying case, but the Court can not presently determine whether it has a duty to indemnify.

SO ORDERED AND ADJUDGED this 1st day of July, 2016.

>*s/ Keith Starrett*
>UNITED STATES DISTRICT JUDGE