IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*                                                                    **PLAINTIFFS**

V.                                                  CIVIL ACTION NO. 2:14-CV-22-KS-MTP

**FOREST COUNTY,** *et al.*                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** the Motion for Summary Judgment [416] filed by Swiss RE International SE, formerly Zurich Specialties London Limited ("ZSLL"), and it **denies as moot** the Motion to Strike [484] filed by ZSLL.

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court previously discussed the case's background. *See Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions for judgment on the pleadings filed by ZSLL, Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *31-*32. The Court ruled that the *Bivens* Plaintiffs[1] had not alleged any specific wrongful acts

---

[1] The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin,

or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or

---

Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. *Id.* at *17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at *14-*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at *13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part [515] the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at *22.

On June 30, 2016, the Court granted in part and denied in part [516] Sirius America Insurance Company's Motion for Summary Judgment [402] and granted in part and denied in part the *Bivens* Parties' Motion for Partial Summary Judgment

[422] as to Sirius America. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 85399 (S.D. Miss. June 30, 2016). Specifically, the Court held that Sirius America has a duty to defend the *Bivens* Defendants under a law enforcement liability policy effective from November 13, 1984, to November 13, 1985, but that it has no duty to defend or indemnify under a policy effective from October 7, 1984, to November 13, 1984. *Id.* at *11. The Court additionally held that Sirius America has no duty to defend or indemnify any of the claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *14.

On July 1, 2016, the Court granted in part and denied in part Great American E&S Insurance Company's Motion for Summary Judgment [404] and denied the *Bivens* Parties' Motion for Partial Summary Judgment as to Great American. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 86108 (S.D. Miss. July 1, 2016). Specifically, the Court found that Great American has no duty to defend the *Bivens* Defendants in the underlying case, but the Court could not determine whether it has a duty to indemnify under several law enforcement liability policies issued to the Forrest County Sheriff's Department from November 13, 1996, to November 13, 2000. *Id.* at *19-*20. The Court now considers ZSLL's Motion for Summary Judgment [416].

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc.*

4

*v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. MOTION FOR SUMMARY JUDGMENT [416]

ZSLL issued two law enforcement liability policies [134-3] to the Forrest County Sheriff's Department: policy No. ZSL990086 [416-1], effective from November 13, 2000, to November 13, 2001; and policy No. ZSL010067 [416-2], effective from November 13, 2001, to November 13, 2002. ZSLL argues that these policies do not require it to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

"Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To

determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Typically, though, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair

reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

Both policies had the same substantive provisions [416-1, 416-2, 134-3]. They generally provide: "The Company will pay on behalf of the 'insured(s)' all 'damages' resulting from a 'wrongful act(s)' which arise out of the law enforcement activities. The 'wrongful act(s)' must occur during the policy period . . . ." Exhibit C to Motion for Judgment on the Pleadings at 2, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-

7

KS-MTP (S.D. Miss. May 14, 2015), ECF No. 134-3. The policies define a "wrongful act" as "an actual or alleged error or omission, negligent act, neglect or breach of duty by the 'insured' while conducting law enforcement activities, which result[s] in . . . 'Personal Injury.'" *Id.* at 5. The definition of "Personal Injury" includes "Assault and/or battery;" "False arrest, detention or imprisonment, or malicious prosecution;" "Humiliation or mental distress;" and the "Violation of civil rights or discrimination protected under" state or federal law. *Id.* Therefore, in general terms, ZSLL is obligated to pay all damages resulting from an actual or alleged error or omission, negligent act, or breach of duty during the policy period by the *Bivens* Defendants employed by Forrest County while they were conducting law enforcement activities which resulted in assault, battery, false arrest, malicious prosecution, violation of civil rights protected under federal and state law, humiliation, and/or mental distress.

The *Bivens* Plaintiffs specifically alleged that the *Bivens* Defendants failed to come forward with the truth at Bivens' parole hearing on May 24, 2001, Dixon's parole hearing on April 24, 2001, and Ruffin's parole hearing on May 23, 2001. The *Bivens* Plaintiffs also alleged that the *Bivens* Defendants' failure to come forward with the truth at the parole hearings caused them to remain falsely imprisoned and suffer further violations of rights protected by federal and state law. These allegations are sufficient to trigger coverage for damages resulting from "wrongful acts" under policy No. ZSL990086 [416-1, 134-3], effective from November 13, 2000, to November 13, 2001. However, the *Bivens* Plaintiffs' allegations do not trigger coverage under policy No. ZSL010067 [416-2, 134-3], effective from November 13, 2001, to November 13,

8

2002, as they alleged no specific "wrongful acts" during that policy period.

### A.    *Particularized Allegations*

ZSLL argues that the Third Amended Complaint does not contain any allegations of conduct during the applicable policy periods that would trigger coverage under either policy. It contends that the *Bivens* Plaintiffs' latest pleading relies on broad, conclusory allegations that the *Bivens* Defendants continued to remain silent about exculpatory evidence after the *Bivens* Plaintiffs' conviction, without identifying any specific actions taken during the applicable policy period. The Court disagrees. The *Bivens* Plaintiffs specifically alleged that the *Bivens* Defendants breached their duty to come forward with exculpatory evidence at specific parole hearings during a ZSLL policy period, and the policies' definition of "wrongful act" includes omissions while conducting law enforcement activities that result in personal injuries, including false imprisonment and the violation of rights protected under federal and state law.

### B.    *Triggered at Time of Arrest/Indictment*

ZSLL adopts previous arguments that the Court should treat the *Bivens* Plaintiffs' claims as other jurisdictions have treated malicious prosecution claims, holding that the trigger is, at latest, when the exonerated person is charged or indicted for the crime. The Court rejects this argument for the same reasons provided in a previous opinion. *See Travelers,* 2016 U.S. Dist. LEXIS 84534 at *12-*14.

### C.    *Continuation of Prior Acts/Continuous Trigger Theory*

ZSLL also adopts previous arguments that the *Bivens* Plaintiffs only alleged continuations of prior wrongful acts during the applicable policy period. The Court

rejects this argument for the same reasons provided in a previous opinion. *Travelers*, 2016 U.S. Dist. LEXIS 85399 at *43-*45.

### D.   *Fraud/Crime Exclusion*

The ZSLL policies [416-1, 416-2, 134-3] included the following exclusion:

This policy does not apply and the Company has no obligation to defend any "claim or "suit":

* * *

> 3. For "damages" arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the "insured," or "claims" of injury arising out of acts of fraud committed by or at the direction of any "insured" with affirmative dishonesty or actual intent to deceive or defraud.

Exhibit C to Motion for Judgment on the Pleadings at 3, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 14, 2015), ECF No. 134-3. ZSLL argues that all of the conduct alleged by the *Bivens* Plaintiffs "is intentional and violates criminal statutes," and that it arises out of "fraudulent, dishonest, malicious or criminal conduct that resulted in the underlying convictions."

"The insurer bears the burden to produce evidence to support its affirmative defense that the causes of the losses are excluded by the policy." *Hoover v. United Servs. Auto. Ass'n*, 125 So. 3d 636, 642 n. 7 (Miss. 2013); *see also Corban*, 20 S. 3d at 618. "Exclusions and limitations on coverage are . . . construed in favor of the insured. Language in exclusionary clauses must be clear and unmistakable, as those clauses are strictly interpreted." *Corban*, 20 So. 3d at 609 (quoting *Martin*, 998 So. 2d at 963); *see also State Farm Mut. Auto. Ins. Co. v. Logisticare Solutions, LLC*, 751 F.3d 684, 688

(5th Cir. 2014).

As noted in a previous opinion,[2] the *Bivens* Plaintiffs alleged more actions and omissions than the Court cares to count, committed by numerous defendants, across a period of decades in a pleading that is seventy-nine pages long. Although ZSLL listed several criminal statutes that it contends the *Bivens* Defendants violated,[3] it failed to connect the dots between the *Bivens* Plaintiffs' allegations and the elements of the various crimes. More importantly, ZSLL failed to provide any legal support for its bald assertion that the alleged wrongful acts during its policy periods constituted or arose from criminal or fraudulent conduct. The Court declines to apply the crime/fraud exclusion on such a flimsy basis. If ZSLL wants the exclusion to apply, it will have to "show its math" and demonstrate that each wrongful act or omission during its policy periods alleged in the Third Amended Complaint constitutes or arises from a criminal or fraudulent act or omission.

### E.     *Mississippi Public Policy*

The policies' definition of "damages" does not include "matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed." Exhibit C to Motion for Judgment on the Pleadings at 4, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 14, 2015), ECF No. 134-3. ZSLL argues that the *Bivens* Defendants' alleged conduct violates criminal statutes and is,

---

[2]*Travelers*, 2016 U.S. Dist. LEXIS 84534 at *23-*24.

[3]ZSLL cited 18 U.S.C. §§ 241, 242 and MISS. CODE ANN. §§ 97-1-1(1), 97-3-7, 97-9-125.

therefore, uninsurable under Mississippi law. The Court rejects this argument for the same reasons it rejects the crime/fraud exclusion argument.

### F.    During "Law Enforcement Activities"

The policies provide coverage for "all 'damages' resulting from a 'wrongful act(s)' which arise out of the law enforcement activities." *Id.* at 2. Likewise, the policies define a "wrongful act" as "an actual or alleged error or omission, negligent act, neglect or breach of duty by the 'insured' while conducting law enforcement activities . . . ."*Id.* at 5. ZSLL argues that the *Bivens* Defendants' failure to come forward with exculpatory information before the parole board is not an omission during the performance of "law enforcement activities."

The policy does not define "law enforcement activities," and ZSLL's briefing provides little help. It not only failed to cite any legal authority in support of this argument, it failed to make any substantive argument whatsoever. Instead, it relies on a bare assertion that the failure to come forward to the parole board is not an omission during the performance of "law enforcement activities." This is not a sufficient basis to grant summary judgment in its favor.

### G.    Timely Notice

The ZSLL policies [416-1, 416-2, 134-3] include the following notice provision:

**SECTION IV – CONDITIONS**

\* \* \*

  4.  Insureds Duties in the event of an "occurrence", "claim", or "suit".

12

      a.    In the event of an "occurrence", written notice containing particulars sufficient to identify the "insured" and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the insured and of available witnesses, shall be given by or for the "insured" to the Company or any of its authorized agents as soon as practicable.

      b.    If a "claim" is made or "suit" is brought against the "insured", the "insured" shall immediately forward to the Company every demand, notice, summons or other process received by the "insured" or the "insured's" representatives.

      c.    The "insured" shall cooperate with the Company and upon the Company's request, submit to examination and interrogation by a representative of the Company, under oath if necessary, and attend hearings, depositions and trails [sic], and shall assist in the effective settlement, and the securing and giving of a written statement or statements to the Company representatives and defense counsel. In the event of a "claim" occurring which is likely to involve the Company hereunder, the "insured" shall not make any payment, assume any liability, or incur any expense without the consent of the Company first being obtained. The Company shall conduct in the name of the "insured" the defense of any "claim" for "damages", or otherwise against any third party, and shall have full discretion in the handling of such "claim" or "suit", and the "insured" shall give full information and assistance as the Company may reasonably require.

5.    Action Against the Company. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the "insured's" obligation to pay shall have been finally determined whether by judgement [sic] against the "insured" after trial or by written agreement of the "insured", the claimant and the Company.

Exhibit C to Motion for Judgment on the Pleadings at 5-6, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 14, 2015), ECF No. 134-3. ZSLL argues that the *Bivens* Defendants failed to provide timely notice of the *Bivens* Plaintiffs' claims as required under these provisions, and, therefore, they are barred from recovering under the policies.

"The purpose of notice provisions in insurance policies is to give the insurance company the chance to settle or litigate claims for which it ultimately might be liable." *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 227 (5th Cir. 2005). "Under Mississippi law, delay in giving notice is excusable under certain circumstances, but such delay must have occurred without fault or negligence on the part of the insured." *Bolivar County Bd. of Supervisors v. Forum Ins. Co.*, 779 F.2d 1081, 1085 (5th Cir. 1986). "[W]here an insurance policy requires notice as a condition precedent to coverage, coverage may still be allowed unless the insurer suffered prejudice due to delay; that prejudice is a question of fact." *Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d 336, 341 (Miss. 2004).[4] Likewise, "the question whether an insured in an

---

[4] ZSLL argues that it is not required to prove prejudice if the policy requires notice as a condition precedent to coverage. Some older cases support this argument. *See, e.g. Boliver County*, 779 F.2d at 1085; *Reliance Ins. Co. v. County Line Place, Inc.*, 692 F. Supp. 694, 697 (S.D. Miss. 1988); *Hartford Acc. & Indem. Co. v. Hattiesburg Hardware Stores*, 49 So. 2d 813, 819 (Miss. 1951); *Employers' Liability Assurance Corp. v. Jones County Lumber Co.*, 72 So. 152, 154 (Miss. 1916). But a more recent decision by the Mississippi Supreme Court requires insurers to prove prejudice even when provision of notice is a condition precedent to coverage. *Jackson*, 880 So. 2d at 341; *see also First Pentecostal Church of Jackson v. Bhd. Mut. Ins. Co.*, No. 3:09-CV-34-TSL-FKB, 2010 U.S. Dist. LEXIS 71386, at *16 n. 4 (S.D. Miss. July 15, 2010).

action on a policy indemnifying him from liability . . . gave timely notice . . . is a question of fact to be determined by the jury . . . ." *Lawler v. Government Employees Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990).

The *Bivens* Defendants were served with process in the underlying suit on January 22, 2013 [416-5]. ZSLL contends that the *Bivens* Defendants did not provide notice of the suit until September 22, 2014. During the intervening twenty months, the following events occurred in the underlying litigation:

- The Defendants answered the Plaintiffs' First and Second Amended Complaints;[5]

- The parties deposed the last living wrongfully incarcerated Plaintiff, Philip Bivens, to preserve his testimony;[6]

- The parties engaged in limited discovery as to any investigatory or prosecutorial files related to the Plaintiffs' prosecutions and convictions;[7]

- Numerous individual Defendants filed motions to dismiss;[8]

---

[5]Answer, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Mar. 18, 2013), ECF No. 29; Answer, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Sept. 26, 2013), ECF No. 64; First Amended Answer, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Dec. 23, 2013), ECF No. 76.

[6]Notice of Receipt of Original Deposition, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. June 11, 2013), ECF No. 49.

[7]Interim Case Management Order, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. July 23, 2013), ECF No. 54.

[8]Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 22, 2014), ECF No. 94; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 22, 2014), ECF No. 97; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 22, 2014), ECF No. 99; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D.

- Defendant Gene Walters, the Sheriff of Forrest County at the time of the Plaintiffs' arrests and convictions, died;[9] and

- The last living wrongfully incarcerated Plaintiff, Philip Bivens, died.[10]

ZSLL argues that the twenty-month delay in notice, during which the events listed above occurred, constitutes prejudice "as a matter of law."

The Court believes there are at least two genuine disputes of material fact relevant to application of the notice provision. First, there is a genuine dispute of material fact as to when ZSLL received notice of the suit. The *Bivens* Parties provided evidence [387-2] that the *Bivens* Plaintiffs' counsel had a telephone conversation and exchanged correspondence with Kathy Weber, a senior vice president of Western Litigation, a third-party claims administrator for ZSLL, on May 27, 2014. Additionally, on June 25, 2014, the *Bivens* Plaintiffs noticed a deposition [139] of U.S. Risk Insurance Group, Inc., the agency which procured the ZSLL policies for the *Bivens* Defendants. "Under Mississippi law, notice given to an agent is imputed to the insurance company . . . ." *State v. Richardson*, 817 F.2d 1203, 1207 (5th Cir. 1987).

---

Miss. May 23, 2014), ECF No. 102; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 26, 2014), ECF No. 105; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 26, 2014), ECF No. 107.

[9]Suggestion of Death, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 28, 2014), ECF No. 118.

[10]Suggestion of Death, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Oct. 3, 2014).

Therefore, there exists a genuine dispute of material fact as to when ZSLL received notice of the suit.

Regardless of when ZSLL received notice of the suit, the Court believes there also exists a genuine dispute of material fact as to whether ZSLL was prejudiced by the delay. The delay in notice was only one of numerous reasons ZSLL denied coverage. If ZSLL would have declined to participate in the *Bivens* Defendants' defense regardless of the delay in notice, then it remains to be seen how the delay in notice prejudiced it. The Court further notes that ZSLL's argument on this issue primarily consists of conclusory declarations that a twenty-month delay in notice during which parties to the litigation died is prejudicial *per se*, without any substantial elaboration as to what it would have gained by participating in the litigation earlier.

For these reasons, the Court finds that there are genuine disputes of material fact regarding the application of the policy's notice provision.

### H.  *Individual Defendants Not Employed by Forrest County*

The policies define "insured" as "the 'named insured,' all full or part-time employees, all auxiliary or volunteer law enforcement officers of the 'named insured' and the public entity of which the law enforcement agency is a part including the elected and appointed officials for their law enforcement related acts." Exhibit C to Motion for Judgment on the Pleadings at 4, *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 14, 2015), ECF No. 134-3. It is undisputed that the following individual *Bivens* Defendants were not employed by Forrest County in any capacity during the applicable policy period of November 13, 2000, to November

13, 2001: Gene Walters, Joe Hopstein, Henry Brown, Terry Martin, Larry James, Jim Erwin, and Arlon Mounds. Therefore, no coverage exists under the policies for the *Bivens* Plaintiffs' claims arising from any wrongful actions or omissions committed by these individuals.

### IV. MOTION TO STRIKE [484]

ZSLL and Gemini Insurance Company filed a Motion to Strike [484] declarations of David Miller [385-1, 387-1], the *Bivens* Defendants' former counsel, presented in opposition to Gemini and ZSLL's motions for summary judgment. The Court has already addressed both Gemini and ZSLL's motions for summary judgment, and it did not consider the disputed declarations. Accordingly, the motion to strike is denied as moot.

### V. CONCLUSION

For these reasons, the Court **grants in part and denies in part** the Motion for Summary Judgment [416] filed by Zurich Specialties London Limited. Specifically, the Court grants the motion insofar as it finds that ZSLL has no duty to defend or indemnify the *Bivens* Defendants against any claims asserted by the *Bivens* Plaintiffs arising from wrongful actions or omissions committed by the following individual *Bivens* Defendants: Gene Walters, Joe Hopstein, Henry Brown, Terry Martin, Larry James, Jim Erwin, and Arlon Mounds. The Court also grants the motion with respect to ZSLL's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims under policy No. ZSL010067 [416-2, 134-3], effective from November 13, 2001, to November 13, 2002. The Court denies the motion in all other respects.

The Court also **denies as moot** the Motion to Strike [484] filed by Zurich Specialties London Limited and Gemini Insurance Company.

SO ORDERED AND ADJUDGED this 7th day of July, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE