## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**THE TRAVELERS INDEMNITY**
**COMPANY,** *et al.*                                        **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO. 2:14-CV-22-KS-MTP**

**FORREST COUNTY,** *et al.*                                 **DEFENDANTS**

### AMENDED MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Scottsdale

Insurance Company's Motion for Summary Judgment [420], **denies** the *Bivens* Parties'

Motion for Partial Summary Judgment [428] as to Scottsdale's duty to defend, and

**denies as moot** Scottsdale's Motion to Strike [477].

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The

Court previously discussed the case's background. *See Travelers v. Forrest County*, No.

2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016);

*Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-

*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions

for judgment on the pleadings filed by Zurich Specialties London Limited ("ZSLL"),

Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers*, 2016

U.S. Dist. LEXIS 18288 at *31-*32. The Court ruled that the *Bivens* Plaintiffs[1] had not

---

[1]The Court will refer to the underlying plaintiffs – Defendants/Counter-
Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The
Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs
Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin,

alleged any specific wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or

---

Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. *Id.* at *17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at *14-*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at *13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part [515] the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at *22.

On June 30, 2016, the Court granted in part and denied in part [516] Sirius America Insurance Company's Motion for Summary Judgment [402] and granted in part and denied in part the *Bivens* Parties' Motion for Partial Summary Judgment

[422] as to Sirius America. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 85399 (S.D. Miss. June 30, 2016). Specifically, the Court held that Sirius America has a duty to defend the *Bivens* Defendants under a law enforcement liability policy effective from November 13, 1984, to November 13, 1985, but that it has no duty to defend or indemnify under a policy effective from October 7, 1984, to November 13, 1984. *Id.* at *11. The Court additionally held that Sirius America has no duty to defend or indemnify any of the claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *14.

On July 1, 2016, the Court granted in part and denied in part Great American E&S Insurance Company's Motion for Summary Judgment [404] and denied the *Bivens* Parties' Motion for Partial Summary Judgment as to Great American. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 86108 (S.D. Miss. July 1, 2016). Specifically, the Court found that Great American has no duty to defend the *Bivens* Defendants in the underlying case, but the Court could not determine whether it has a duty to indemnify under several law enforcement liability policies issued to the Forrest County Sheriff's Department from November 13, 1996, to November 13, 2000. *Id.* at *19-*20. The Court now considers ZSLL's Motion for Summary Judgment [416].

On July 7, 2010, the Court granted in part and denied in part Zurich Specialties London Limited's Motion for Summary Judgment [416]. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22, 2016 U.S. Dist. LEXIS 88095 (S.D. Miss. July 7, 2016). Specifically, the Court granted the motion insofar as it found that ZSLL had no duty

to defend or indemnify the *Bivens* Defendants against any claims asserted by the *Bivens* Plaintiffs arising from wrongful actions or omissions committed by the following individual *Bivens* Defendants: Gene Walters, Joe Hopstein, Henry Brown, Terry Martin, Larry James, Jim Erwin, and Arlon Moulds. *Id.* at \*20-\*21. The Court also granted the motion with respect to ZSLL's duty to defend and/or indemnify the *Bivens* Defendants under a ZSLL policy effective from November 13, 2001, to November 13, 2002. *Id.* at \*10. The Court denied the motion in all other respects. *Id.* at \*22.

The Court now considers Scottsdale Insurance Company's Motion for Summary Judgment [420] and the *Bivens* Parties' Motion for Partial Summary Judgment [428] as to Scottsdale.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference

to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. SCOTTSDALE'S MOTION FOR SUMMARY JUDGMENT [420]

Scottsdale issued three liability policies relevant to this case. First, it issued two Public Officials & Employees Legal Liability Policies: policy No. PO520479, issued to Forrest County, effective from February 7, 1985, to February 7, 1986;[2] and policy No. PO620361, issued to the Forrest County Board of Supervisors, effective from February 7, 1986, to February 7, 1987.[3] Scottsdale also issued a Comprehensive Law Enforcement Liability Policy to the Forrest County Sheriff's Department, Policy No. PL502554, effective from November 13, 1985, to November 13, 1986.[4] Scottsdale argues that none of these policies require it to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

"Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of*

---

[2]Exhibit F to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 420-6.

[3]Exhibit G to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 420-7.

[4]Exhibit H to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 420-8.

*Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Typically, though, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

## A.   *Public Officials & Employees Legal Liability Policies [420-6, 420-7]*

The Public Officials & Employees policies are identical in all relevant parts. They provide that the "Company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages as a result of claims

first made during the period of this policy, against the INSURED by reason of any WRONGFUL ACT, rendered in discharge of PUBLIC ENTITY duties." Exhibit F [420-6] at 6; Exhibit G [420-7] at 6. Therefore, the Public Officials & Employee policies are "claims made" policies, providing coverage "only for claims made during the policy period . . . regardless of when the covered act or omission occurred." *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n. 2 (5th Cir. 1999).

It is undisputed that the *Bivens* Plaintiffs first asserted their claims against the *Bivens* Defendants almost three decades after the Public Officials & Employees policy periods expired. *See* Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Jan. 16, 2013). Therefore, the Public Officials & Employees Liability Policies issued by Scottsdale – Policy No. PO520479, effective from February 7, 1985, to February 7, 1986; and Policy No. PO620361, effective from February 7, 1986, to February 7, 1987 – provide no coverage for the *Bivens* Plaintiffs' claims against *Bivens* Defendants. Scottsdale has no duty to defend or indemnify the *Bivens* Defendants under either policy.

**B.    *Comprehensive Law Enforcement Liability Policy [420-8]***

The Law Enforcement Liability ("LEL") policy provides, in relevant part:

The Company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages because of WRONGFUL ACT(S) which result in:

      A)    PERSONAL INJURY
      B)    BODILY INJURY
      C)    PROPERTY DAMAGE

caused by an OCCURRENCE and arising out of the performance of the

9

> INSURED's duties to provide law enforcement and/or other departmentally approved activities as declared in the Application, . . . and all operations necessary and incidental thereto.

Exhibit H [420-8] at 5. Scottsdale also has "the right and duty to defend any suit against the INSURED seeking damages on account of such PERSONAL INJURY, BODILY INJURY, or PROPERTY DAMAGE even if any of the allegations of the suit are groundless, false, or fraudulent . . . ." *Id.*

The policy defines a "wrongful act" as "any actual or alleged act, error, omission, neglect or breach of duty by the INSURED." *Id.* at 6. The policy defines "bodily injury" as "bodily injury, sickness or disease . . . which occurs during the policy period . . . ." *Id.* Finally, the definition of "personal injury" includes "assault and battery," "discrimination," "false arrest, detention or imprisonment," "humiliation or mental distress," and the "violation of civil rights" protected under state and federal law. *Id.* However, the "personal injury" must, like a "bodily injury," be "committed during the policy period." *Id.*

In summary, Scottsdale generally agreed to defend and indemnify the Forrest County Sheriff's Department against claims of bodily injury, false arrest or imprisonment, humiliation or mental distress, and the violation of civil rights protected under state and federal law, as long as the injury occurs during the policy period and was caused by a wrongful act by the insured. Therefore, the policy is an "occurrence" policy,[5] and the trigger for coverage is the injury sustained by the claimant.

---

[5]*See Matador Petroleum*, 174 F.3d at 658 n. 2.

Here, the *Bivens* Plaintiffs alleged injuries that occurred during the LEL policy period caused by wrongful acts committed by the *Bivens* Defendants during their performance of law enforcement activities. Specifically, they alleged that Bivens, Dixon, and Ruffin were falsely imprisoned from November 13, 1985, to November 13, 1986. The *Bivens* Plaintiffs also alleged that these injuries were caused by wrongful acts committed by the *Bivens* Defendants during the performance of law enforcement activities – specifically, the acts surrounding the investigation, prosecution, and parole of Bivens, Dixon, and Ruffin in 1979 and 1980, as described in *Bivens*, 2015 U.S. Dist. LEXIS 40602 at *3-*10. Therefore, the Court finds that the facts alleged by the *Bivens* Plaintiffs state a claim that falls within the general coverage provision of the Scottsdale LEL Policy No. PL502554, effective from November 13, 1985, to November 13, 1986.

Scottsdale contends that the *Bivens* Plaintiffs alleged no "personal injury" during the policy period because the violations of their civil rights occurred in 1979-1980. However, the policy's definition of "personal injury" includes "false arrest, detention or imprisonment," and it is beyond dispute that Bivens, Dixon, and Ruffin were imprisoned from 1985-1986. To the extent Scottsdale presents the same arguments as other insurers regarding multiple triggers, coverage triggers at the time of indictment, and continuing triggers, the Court rejects those arguments for the same reasons provided in previous opinions. *See, e.g. Travelers*, 2016 U.S. Dist. LEXIS 85399 at *43-*44; *Travelers*, 2016 U.S. Dist. LEXIS 84534 at *17-*20.

1.     *Untimely Notice*

11

The Scottsdale LEL policy contains the following provision:

4.     INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT.

(a)     In the event of an OCCURRENCE, written notice containing particulars sufficient to identify the INSURED and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the INSURED to the Company or any of its authorized agents as soon as practicable.

(b)     If claim is made or suit is brought against the INSURED, the INSURED shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

* * *

5.     ACTION AGAINST COMPANY. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy . . . .

Exhibit H [420-8] at 7. Scottsdale argues that the *Bivens* Defendants failed to provide timely notice as required by this provision, and, therefore, they are barred from recovering under the policy.

"The purpose of notice provisions in insurance policies is to give the insurance company the chance to settle or litigate claims for which it ultimately might be liable." *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 227 (5th Cir. 2005). "Under Mississippi law, delay in giving notice is excusable under certain circumstances, but such delay must have occurred without fault or negligence on the part of the insured." *Bolivar County Bd. of Supervisors v. Forum Ins. Co.*, 779 F.2d 1081, 1085 (5th Cir. 1986). "[W]here an insurance policy requires notice as a condition precedent to

12

coverage, coverage may still be allowed unless the insurer suffered prejudice due to delay; that prejudice is a question of fact." *Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d 336, 341 (Miss. 2004).[6] Likewise, "the question whether an insured in an action on a policy indemnifying him from liability . . . gave timely notice . . . is a question of fact to be determined by the jury . . . ." *Lawler v. Government Employees Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990).

According to Forrest County's interrogatory responses [420-12], the *Bivens* Defendants first became aware of the *Bivens* Plaintiffs' claims on January 22, 2013. Scottsdale contends that the *Bivens* Defendants did not provide notice of the suit until May 6, 2015. During the intervening twenty-seven months, the following events occurred in the underlying litigation:

- The Defendants answered the Plaintiffs' First and Second Amended Complaints;[7]

- The parties deposed the last living wrongfully incarcerated

---

[6]Older cases provide that an insurer is not required to prove prejudice if the policy requires notice as a condition precedent to coverage. *See, e.g. Boliver County*, 779 F.2d at 1085; *Reliance Ins. Co. v. County Line Place, Inc.*, 692 F. Supp. 694, 697 (S.D. Miss. 1988); *Hartford Acc. & Indem. Co. v. Hattiesburg Hardware Stores*, 49 So. 2d 813, 819 (Miss. 1951); *Employers' Liability Assurance Corp. v. Jones County Lumber Co.*, 72 So. 152, 154 (Miss. 1916). But a more recent decision by the Mississippi Supreme Court requires insurers to prove prejudice even when provision of notice is a condition precedent to coverage. *Jackson*, 880 So. 2d at 341; *see also First Pentecostal Church of Jackson v. Bhd. Mut. Ins. Co.*, No. 3:09-CV-34-TSL-FKB, 2010 U.S. Dist. LEXIS 71386, at *16 n. 4 (S.D. Miss. July 15, 2010).

[7]Answer, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Mar. 18, 2013), ECF No. 29; Answer, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Sept. 26, 2013), ECF No. 64; First Amended Answer, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Dec. 23, 2013), ECF No. 76.

Plaintiff, Philip Bivens, to preserve his testimony;[8]

· The parties engaged in limited discovery as to any investigatory or prosecutorial files related to the Plaintiffs' prosecutions and convictions;[9]

· Numerous individual Defendants filed motions to dismiss, which were fully briefed by all parties;[10]

· Defendant Gene Walters, the Sheriff of Forrest County at the time of the Plaintiffs' arrests and convictions, died;[11]

· Wayne R. Taylor, one of the individual Defendants, died on June 12, 2014;[12]

· The last living wrongfully incarcerated Plaintiff, Philip Bivens, died;[13]

---

[8]Notice of Receipt of Original Deposition, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. June 11, 2013), ECF No. 49.

[9]Interim Case Management Order, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. July 23, 2013), ECF No. 54.

[10]Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 22, 2014), ECF No. 94; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 22, 2014), ECF No. 97; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 22, 2014), ECF No. 99; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 23, 2014), ECF No. 102; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 26, 2014), ECF No. 105; Motion to Dismiss, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 26, 2014), ECF No. 107.

[11]Suggestion of Death, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. May 28, 2014), ECF No. 118.

[12]Suggestion of Death, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. July 1, 2014), ECF No. 142.

[13]Suggestion of Death, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Oct. 3, 2014), ECF No. 163.

- Henry "Red" Brown, one of the individual Defendants, died on December 23, 2014;[14]

- The Court addressed the individual Defendants' motions to dismiss;[15]

- The Court lifted the stay on discovery imposed when the individual Defendants filed qualified immunity motions;[16] and

- The Court held a Case Management Conference and entered a Case Management Order, permitting discovery to begin in earnest.[17]

Scottsdale argues that the twenty-seven-month delay in notice, during which the events listed above occurred, constitutes material prejudice.

The Court believes there is a genuine dispute of material fact as to whether Scottsdale was prejudiced by the delayed notice. According to its denial letter of October 21, 2015 [453-1] the delay in notice was only one of numerous reasons Scottsdale denied coverage under the LEL policy. If Scottsdale would have declined to participate in the *Bivens* Defendants' defense regardless of the delay in notice, then it remains to be seen how the delay prejudiced it. The Court further notes that little to no discovery occurred in the case before Scottsdale claims to have received notice,

---

[14]Suggestion of Death, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Dec. 30, 2014), ECF No. 179.

[15]Memorandum Opinion and Order, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Mar. 30, 2015), ECF No. 189.

[16]Order, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 2, 2015), ECF No. 191.

[17]Case Management Order, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 22, 2015), ECF No. 194.

because discovery, disclosures, and the Case Management Conference were all stayed[18] pending resolution of the individual Defendants' qualified immunity motions. Regardless, discovery is still ongoing, leaving time for Scottsdale to participate. But the Court notes once again that Scottsdale has not represented what, if anything, it would have done earlier in the case. For these reasons, the Court finds that there is a genuine dispute of material fact regarding the application of the policy's notice provision.

2.      *Individual Defendants Not Insured*

Scottsdale also argues that the LEL policy provides no coverage for the individual Defendants who were either never employed by Forrest County or were not employed by Forrest County during the policy period. The LEL policy defines an "insured" as "the NAMED INSURED and all full or part-time and all auxiliary or volunteer law enforcement officers of the NAMED INSURED." Exhibit H [420-8] at 6. The "named insured" is the Forrest County Sheriff's Department. *Id.* at 3.

Accordingly, the policy does not require that the individual *Bivens* Defendants have been employed by Forrest County during the policy period. Rather, it provides coverage for "all full or part-time and all auxiliary or volunteer law enforcement officers," *id.* at 6, against claims of personal injury during the policy period caused by wrongful acts during law enforcement activities. The pertinent question is whether they were employed by Forrest County at the time they committed the alleged actions and omissions which caused the personal injury during the policy period. It appears

---

[18]Order Staying Discovery, Disclosures and Case Management Conference, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (May 30, 2014), ECF No. 124.

to be undisputed that neither Arlon Moulds nor Ricky Rawls were employed by the Forrest County Sheriff's Department in any capacity. Therefore, the Scottsdale policy provides no coverage for claims asserted against them.

### IV. *BIVENS* PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT [428]

The *Bivens* Parties filed a Motion for Partial Summary Judgment [428] as to Scottsdale's duty to defend the *Bivens* Defendants against the *Bivens* Plaintiff's claims, arguing that Scottsdale breached its duty to defend in the underlying suit. For the reasons provided above, the Court finds that there exists a genuine dispute of material fact as to the application of the Scottsdale law enforcement liability policy's notice provision. Accordingly, the Court denies the *Bivens* Parties' motion.

### V. MOTION TO STRIKE [477]

Scottsdale filed a Motion to Strike [477] the declaration of David Miller [393-2], the *Bivens* Defendants' former counsel, submitted by the *Bivens* Parties in opposition to its motion for summary judgment. The Court addressed Scottsdale's motion, and it did not consider the disputed declaration. Accordingly, the motion to strike is denied as moot.

### VI. CONCLUSION

For these reasons, the Court **grants in part and denies in part** the Motion for Summary Judgment [420] filed by Scottsdale Insurance Company. Specifically, the Court grants the motion insofar as it finds that Scottsdale has no duty to defend or indemnify the *Bivens* Defendants against any claims asserted by the *Bivens* Plaintiffs under its Public Officials & Employees Liability Policies issued by Scottsdale – Policy

No. PO520479, effective from February 7, 1985, to February 7, 1986; and Policy No. PO620361, effective from February 7, 1986, to February 7, 1987. The Court also grants the motion insofar as it finds that Scottsdale has no duty to defend or indemnify Arlon Moulds and Ricky Rawls under any of the policies addressed in its motion. The Court denies the motion in all other respects.

The Court **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [428], and it **denies as moot** Scottsdale's Motion to Strike [477].

SO ORDERED AND ADJUDGED this 11th day of July, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE