IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

V.　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:14-CV-22-KS-MTP**

**FORREST COUNTY,** *et al.*　　　　　　　　　　　　　　　　　**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Zurich American Insurance Company and American Zurich Insurance Company's Motion for Summary Judgment [406] as to their commercial and general liability policies and **grants** Zurich American Insurance Company's Motion for Summary Judgment [408] as to its excess policies.

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court previously discussed the case's background. *See Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions for judgment on the pleadings filed by Zurich Specialties London Limited ("ZSLL"), Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *31-*32. The Court ruled that the *Bivens* Plaintiffs[1] had not

---

[1] The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin,

alleged any specific wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or

---

Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. *Id.* at *17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at *14-*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at *13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part [515] the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at *22.

On June 30, 2016, the Court granted in part and denied in part [516] Sirius America Insurance Company's Motion for Summary Judgment [402] and granted in part and denied in part the *Bivens* Parties' Motion for Partial Summary Judgment

[422] as to Sirius America. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 85399 (S.D. Miss. June 30, 2016). Specifically, the Court held that Sirius America has a duty to defend the *Bivens* Defendants under a law enforcement liability policy effective from November 13, 1984, to November 13, 1985, but that it has no duty to defend or indemnify under a policy effective from October 7, 1984, to November 13, 1984. *Id.* at *11. The Court additionally held that Sirius America has no duty to defend or indemnify any of the claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *14.

On July 1, 2016, the Court granted in part and denied in part Great American E&S Insurance Company's Motion for Summary Judgment [404] and denied the *Bivens* Parties' Motion for Partial Summary Judgment as to Great American. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 86108 (S.D. Miss. July 1, 2016). Specifically, the Court found that Great American has no duty to defend the *Bivens* Defendants in the underlying case, but the Court could not determine whether it has a duty to indemnify under several law enforcement liability policies issued to the Forrest County Sheriff's Department from November 13, 1996, to November 13, 2000. *Id.* at *19-*20. The Court now considers ZSLL's Motion for Summary Judgment [416].

On July 7, 2010, the Court granted in part and denied in part Zurich Specialties London Limited's Motion for Summary Judgment [416]. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22, 2016 U.S. Dist. LEXIS 88095 (S.D. Miss. July 7, 2016). Specifically, the Court granted the motion insofar as it found that ZSLL had no duty

to defend or indemnify the *Bivens* Defendants against any claims asserted by the *Bivens* Plaintiffs arising from wrongful actions or omissions committed by the following individual *Bivens* Defendants: Gene Walters, Joe Hopstein, Henry Brown, Terry Martin, Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *20-*21. The Court also granted the motion with respect to ZSLL's duty to defend and/or indemnify the *Bivens* Defendants under a ZSLL policy effective from November 13, 2001, to November 13, 2002. *Id.* at *10. The Court denied the motion in all other respects. *Id.* at *22.

On July 11, 2016, the Court granted in part and denied in part [530] the Motion for Summary Judgment [420] filed by Scottsdale Insurance Company and denied the *Bivens* Parties' Motion for Partial Summary Judgment [428]. Specifically, the Court found that Scottsdale has no duty to defend or indemnify the *Bivens* Defendants under its public officials & employees liability policies, and that it has no duty to defend Arlon Moulds and Ricky Rawls. However, the Court found that there exists a genuine dispute of material fact as to the application of a notice provision in Scottsdale's law enforcement liability policy.

The Court now considers Zurich American Insurance Company ("Zurich American") and American Zurich Insurance Company's ("American Zurich") Motion for Summary Judgment [406] as to their commercial and general liability policies and Zurich American's Motion for Summary Judgment [408] as to its excess policies.[2]

## II. STANDARD OF REVIEW

---

[2]The Court may collectively refer to Zurich American and American Zurich as "Zurich."

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. MSJ AS TO CGL POLICIES [406]

Zurich American is the predecessor-in-interest of Valiant Insurance Company ("Valiant") and Northern Insurance Company of New York ("Northern"). Valiant issued three commercial and general liability ("CGL") policies to the Forrest County Board of Supervisors: policy no. CMM 98658603, effective from February 18, 1999, to February

6

18, 2000;[3] policy no. CMM 98658603, effective from February 18, 2000, to February 18, 2001;[4] and policy no. CMM 98658603, effective from February 18, 2001, to February 18, 2002.[5] Northern issued CGL policy no. 98658603 to the Forrest County Board of Supervisors, effective from February 18, 2002, to February 18, 2003.[6] Finally, American Zurich issued the following CGL policies to the Forrest County Board of Supervisors: policy no. CPO 2826642-00, effective from February 18, 2003, to February 18, 2004;[7] and policy no. CPO 2826642-01, effective from February 18, 2004, to February 18, 2005.[8] Zurich argues that none of these CGL policies require the insurer to defend or indemnify the *Bivens* Defendants in the underlying case.

"Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against

---

[3]Exhibit B to Motion for Summary Judgment as to CGL Policies, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 406-2.

[4]Exhibit C to Motion for Summary Judgment as to CGL Policies, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 406-3.

[5]Exhibit D to Motion for Summary Judgment as to CGL Policies, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 406-4.

[6]Exhibit E to Motion for Summary Judgment as to CGL Policies, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 406-5.

[7]Exhibit F to Motion for Summary Judgment as to CGL Policies, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 406-6.

[8]Exhibit G to Motion for Summary Judgment as to CGL Policies, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 406-7.

suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Typically, though, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and

applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

All of the CGL policies contain the following exclusion:

EXCLUSION – LAW ENFORCEMENT ACTIVITIES

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of any act or omission resulting from law enforcement activities of your police department or any of your other law enforcement agencies, including their agents or "employees."

Exhibit B [406-2], at 143; Exhibit C [406-3], at 160; Exhibit D [406-4], at 184; Exhibit E [406-5], at 329; Exhibit F [406-6], at 122; Exhibit G [406-7], at 247.[9]

Zurich argues that the *Bivens* Plaintiffs' alleged injuries arise from acts or omissions committed during law enforcement activities, and, therefore, they are excluded from coverage. In response, the *Bivens* Parties concede that, to the extent the Court finds that the injuries alleged in the Third Amended Complaint were caused by law enforcement activities, the CGL policies provide no coverage. In reply, Zurich concedes that the *Bivens* Parties' alleged injuries arise out of law enforcement activities.

Therefore, the Court finds that the *Bivens* Plaintiffs' alleged injuries arise from law enforcement activities, and that the Zurich CGL policies' law enforcement exclusion applies. Zurich has no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims under the CGL policies, and the Court grants Zurich's Motion for Summary Judgment [406].

## IV. MSJ AS TO EXCESS POLICIES [408]

Zurich American issued the following excess policies to the Forrest County Board of Supervisors: policy no. CC 2826495-00, effective from February 18, 2001, to February 18, 2002;[10] policy no. CC 2826495-01, effective from February 18, 2002, to

---

[9]The language of the exclusion in Exhibits D [406-4] and E [406-5] varies slightly from the other CGL policies, but the variance is irrelevant to the Court's analysis.

[10]Exhibit B to Motion for Summary Judgment as to Excess Policies, *Travelers v. Forrest County*, No. 2:14-CV-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 408-2.

February 18, 2003;[11] policy no. CC 2826495-02, effective from February 18, 2003, to February 18, 2004;[12] and policy no. CC 2826495-03, effective from February 18, 2004, to February 18, 2005.[13] Each policy provides excess coverage over the Valiant, Northern, or Zurich CGL policy for the corresponding policy period and provides: "Our coverage applies excess of, but in the same manner and on the same basis as the primary insurance shown on our Schedule A as applying to Coverage Part A-1. We follow all the terms, conditions, definitions and exclusions of the primary insurance . . . ." Exhibit B [408-2], at 14; Exhibit C [408-3], at 13; Exhibit D [408-4], at 14; Exhibit E [408-5], at 13.

Therefore, because the *Bivens* Plaintiffs' claims are excluded from coverage under the primary CGL policies, as explained above, they are likewise excluded from coverage under the excess policies. The Court grants Zurich American's Motion for Summary Judgment [408].

## V. CONCLUSION

For these reasons, the Court **grants** the Motion for Summary Judgment [406] filed by Zurich American Insurance Company and American Zurich Insurance Company. Neither Zurich American nor American Zurich has a duty to defend and/or

---

[11]Exhbit C to Motion for Summary Judgment as to Excess Policies, *Travelers v. Forrest County*, No. 2:14-CV-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 408-3.

[12]Exhibit D to Motion for Summary Judgment as to Excess Policies, *Travelers v. Forrest County*, No. 2:14-CV-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 408-4.

[13]Exhibit E to Motion for Summary Judgment as to Excess Policies, *Travelers v. Forrest County*, No. 2:14-CV-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 408-5.

indemnify the *Bivens* Defendants in the underlying suit under the following CGL policies: Valiant Insurance Company policy no. CMM 98658603, effective from February 18, 1999, to February 18, 2000; Valiant Insurance Company policy no. CMM 98658603, effective from February 18, 2000, to February 18, 2001; Valiant Insurance Company policy no. CMM 98658603, effective from February 18, 2001, to February 18, 2002; Northern Insurance Company of New York policy no. 98658603, effective from February 18, 2002, to February 18, 2003; American Zurich Insurance Company policy no. CPO 2826642-00, effective from February 18, 2003, to February 18, 2004; and American Zurich Insurance Company policy no. CPO 2826642-01, effective from February 18, 2004, to February 18, 2005.

The Court also **grants** Zurich American Insurance Company's Motion for Summary Judgment [408] as to its excess policies. The following excess policies issued to the Forrest County Board of Supervisors provide no coverage for the claims asserted by the *Bivens* Plaintiffs in the underlying case: policy no. CC 2826495-00, effective from February 18, 2001, to February 18, 2002; policy no. CC 2826495-01, effective from February 18, 2002, to February 18, 2003; policy no. CC 2826495-02, effective from February 18, 2003, to February 18, 2004; and policy no. CC 2826495-03, effective from February 18, 2004, to February 18, 2005.

SO ORDERED AND ADJUDGED this 12th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE