IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THE TRAVELERS INDEMNITY
COMPANY, *et al.*                                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 2:14-CV-22-KS-MTP

FORREST COUNTY, *et al.*                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Zurich American Insurance Company's

Motion for Summary Judgment [412] as to the Northern Insurance Company umbrella

policies and **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [426].

### I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The

Court previously discussed the case's background. *See Travelers v. Forrest County*, No.

2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016);

*Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-

*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions

for judgment on the pleadings filed by Zurich Specialties London Limited ("ZSLL"),

Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers*, 2016

U.S. Dist. LEXIS 18288 at *31-*32. The Court ruled that the *Bivens* Plaintiffs[1] had not

---

[1]The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin, Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the

alleged any specific wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or indemnify the *Bivens* Defendants in the underlying case, but the Court denied the

*Bivens* Parties.

motion in all other respects. *Id.* at *17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at *14-*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at *13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part [515] the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at *22.

On June 30, 2016, the Court granted in part and denied in part [516] Sirius America Insurance Company's Motion for Summary Judgment [402] and granted in part and denied in part the *Bivens* Parties' Motion for Partial Summary Judgment [422] as to Sirius America. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-

3

MTP, 2016 U.S. Dist. LEXIS 85399 (S.D. Miss. June 30, 2016). Specifically, the Court held that Sirius America has a duty to defend the *Bivens* Defendants under a law enforcement liability policy effective from November 13, 1984, to November 13, 1985, but that it has no duty to defend or indemnify under a policy effective from October 7, 1984, to November 13, 1984. *Id.* at *11. The Court additionally held that Sirius America has no duty to defend or indemnify any of the claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *14.

On July 1, 2016, the Court granted in part and denied in part Great American E&S Insurance Company's Motion for Summary Judgment [404] and denied the *Bivens* Parties' Motion for Partial Summary Judgment as to Great American. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 86108 (S.D. Miss. July 1, 2016). Specifically, the Court found that Great American has no duty to defend the *Bivens* Defendants in the underlying case, but the Court could not determine whether it has a duty to indemnify under several law enforcement liability policies issued to the Forrest County Sheriff's Department from November 13, 1996, to November 13, 2000. *Id.* at *19-*20. The Court now considers ZSLL's Motion for Summary Judgment [416].

On July 7, 2010, the Court granted in part and denied in part Zurich Specialties London Limited's Motion for Summary Judgment [416]. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22, 2016 U.S. Dist. LEXIS 88095 (S.D. Miss. July 7, 2016). Specifically, the Court granted the motion insofar as it found that ZSLL had no duty to defend or indemnify the *Bivens* Defendants against any claims asserted by the

4

*Bivens* Plaintiffs arising from wrongful actions or omissions committed by the following individual *Bivens* Defendants: Gene Walters, Joe Hopstein, Henry Brown, Terry Martin, Larry James, Jim Erwin, and Arlon Moulds. *Id.* at \*20-\*21. The Court also granted the motion with respect to ZSLL's duty to defend and/or indemnify the *Bivens* Defendants under a ZSLL policy effective from November 13, 2001, to November 13, 2002. *Id.* at \*10. The Court denied the motion in all other respects. *Id.* at \*22.

On July 11, 2016, the Court granted in part and denied in part the Motion for Summary Judgment [420] filed by Scottsdale Insurance Company and denied the *Bivens* Parties' Motion for Partial Summary Judgment [428]. *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 89513 (S.D. Miss. July 11, 2016). Specifically, the Court found that Scottsdale has no duty to defend or indemnify the *Bivens* Defendants under its public officials & employees liability policies, and that it has no duty to defend Arlon Moulds and Ricky Rawls. *Id.* at \*20. However, the Court found that there exists a genuine dispute of material fact as to the application of a notice provision in Scottsdale's law enforcement liability policy. *Id.* at \*17-\*18.

On July 12, 2016, the Court granted Zurich American Insurance Company ("Zurich American") and American Zurich Insurance Company's ("American Zurich") Motion for Summary Judgment as to their commercial and general liability policies and Zurich American's Motion for Summary Judgment as to its excess policies. *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 90223 (S.D. Miss. July 12, 2016). Specifically, the Court found that the claims asserted against the *Bivens* Defendants in the underlying case are excluded from coverage

5

under the Zurich CGL policies and excess policies because they arise out of law enforcement activities. *Id.* at *18-*20.

The Court now considers Zurich American's Motion for Summary Judgment [412] as to certain umbrella policies issued to the Forrest County Board of Supervisors and the *Bivens* Parties' Motion for Partial Summary Judgment [426] as to the same umbrella policies.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

6

for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. ZURICH AMERICAN'S MSJ AS TO UMBRELLA POLICIES [412]

Zurich American is the predecessor-in-interest of Northern Insurance Company of New York ("Northern"). Northern issued the following umbrella policies to the Forrest County Board of Supervisors: policy no. UBA 98657845, effective from February 18, 1999, to February 18, 2000;[2] and policy no. UBA 98657845, effective from February 18, 2000, to February 18, 2001.[3] Zurich American argues that neither policy requires it to defend and/or indemnify the *Bivens* Defendants in the underlying case.

"Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted).

---

[2]Exhibit B to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 412-2.

[3]Exhibit C to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 412-3.

There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Typically, though, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where

8

it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

The umbrella policies are identical in relevant part. They include the following general insuring agreement:

A)     We will pay on behalf of the insured those sums in excess of the "retained limit" which the insured becomes legally obligated to pay as damages for:

    1)     "Bodily injury" or "property damage" occurring during the POLICY PERIOD stated on the DECLARATIONS PAGE and caused by an occurrence;

    2)     "Personal injury" caused by an offense committed during the POLICY PERIOD stated on the DECLARATIONS PAGE and arising out of your business . . . .

Exhibit B [412-2], at 12; Exhibit C [412-3], at 11.[4] They also include the following

---

[4]The umbrella policies also cover "advertising injury" and "property damage," *see* Exhibit B [412-2], at 12; Exhibit C [412-3], at 11, but it appears to be undisputed that the *Bivens* Plaintiffs alleged no such injuries.

provision regarding defense and settlement:

A)   When "underlying insurance" does not apply to an "occurrence" or offense and coverage for the "occurrence" or offense is provided by this coverage part, we have the right and duty to defend any "suit" seeking damages . . . .

B)   When "underlying insurance" does apply to an "occurrence" or offense, we are not obligated to investigate, defend or be responsible for payment of supplementary expenses provided by the "underlying insurance." However, we have the right and opportunity to associate with you and your underlying insurer in the defense and control of any "claim" or "suit" reasonably likely to involve us.

Exhibit B [412-2], at 12; Exhibit C [412-3], at 11.

The policies define several terms within these provisions. First, they define "bodily injury" as "bodily injury, sickness or disease sustained by a person," including "mental anguish, mental injury, shock, fright or death resulting from a bodily injury, sickness or disease." Exhibit B [412-2], at 26; Exhibit C [412-3], at 25. They define "personal injury" as "injury, other than 'bodily injury,' arising out of" enumerated offenses, including "false arrest, detention or imprisonment;" "malicious prosecution;" and "[d]iscrimination or humiliation, but only with respect to injury to the feelings or reputation of a natural person." Exhibit B [412-2], at 28; Exhibit C [412-3], at 27. The policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," and "[a]ll damages that arise from continuous or repeated exposure to substantially the same general harmful conditions are considered to arise from one 'occurrence.'" Exhibit B [412-2], at 28; Exhibit C [412-3], at 27. Finally, the "underlying insurance" for each umbrella

10

policy is the Valiant CGL policy[5] for the corresponding policy period, and the "retained limit" is "[a]n amount equal to the applicable limit of insurance for 'underlying insurance.'" Exhibit B [412-2], at 29; Exhibit C [412-3], at 28.

Therefore, in rough terms, the umbrella policies require Zurich American to indemnify the insured for sums it becomes legally obligated to pay in excess of the policy limit of the Valiant CGL policy for the corresponding time period for bodily injury during the policy period and caused by an occurrence, or for personal injury caused by an offense committed during the policy period. The policies also require Zurich American to defend the insured against any suit for damages if the claims are covered by the umbrella policies but not covered by the underlying CGL policies.

## A.    *"Personal Injury"*

In their Third Amended Complaint,[6] the *Bivens* Plaintiffs alleged no specific offense committed by the *Bivens* Defendants during the applicable policy periods of February 18, 1999, to February 18, 2001. The umbrella policies only cover "personal injuries" caused by an offense committed during the policy periods. Therefore, they provide no coverage for the *Bivens* Plaintiffs' alleged "personal injuries."

## B.    *"Bodily Injury"*

The policies define "bodily injury" as "bodily injury, sickness or disease," including "mental anguish, mental injury, shock, fright or death resulting from bodily

---

[5]*See Travelers*, 2016 U.S. Dist. LEXIS 90223 at *13-*14.

[6]Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307.

injury, sickness or disease." Exhibit B [412-2], at 26; Exhibit C [412-3], at 25. The umbrella policies only cover "bodily injuries" which occurred during the policy periods. Exhibit B [412-2], at 12; Exhibit C [412-3], at 11. In the Third Amended Complaint, the *Bivens* Plaintiffs alleged that Dixon "suffered . . . seizures, many of which caused him to fall over and seriously injure himself." Third Amended Complaint, at 46. They specifically alleged that he suffered seizures and visited the emergency room on July 31, 2000; December 7, 2000; February 28, 2000; May 2, 2000; and October 16, 2000. *Id.* They also alleged that Bivens "suffered an asthma attack" that required an emergency room visit on June 28, 2000. These allegations are sufficient to state "bodily injuries" occurring during the policy period of the second umbrella policy, effective from February 18, 2000, to February 18, 2001, but not the first umbrella policy, effective from February 18, 1999, to February 18, 2000.

However, the policy only provides coverage for bodily injuries during the policy period which were caused by an "occurrence." Exhibit B [412-2], at 12; Exhibit C [412-3], at 11. The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," and "[a]ll damages that arise from continuous or repeated exposure to substantially the same general harmful conditions are considered to arise from one 'occurrence.'" Exhibit B [412-2], at 28; Exhibit C [412-3], at 27.

The Mississippi Supreme Court has addressed insurance policies with similar and identical definitions of an "occurrence." *See, e.g. Architex Assoc., Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148 (Miss. 2010); *United States Fid. & Guar. Co. v. Omnibank*, 812

12

So. 2d 196 (Miss. 2002); *Allstate Ins. Co. v. Moulton*, 464 So. 2d 507 (Miss. 1985). The Court surveyed its jurisprudence on this subject in *Architex*, and highlighted a general rule that "the only relevant consideration is whether . . . the chain of events leading to the injuries complained of was set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force." *Architex*, 27 So. 3d at 1157-58 (quoting *Moulton*, 464 So. 2d at 509). "[E]ven if an insured acts in a negligent manner, that action must still be accidental and unintended in order to implicate policy coverage" under this definition of an "occurrence." *Id.* at 1158. Therefore, "a claim resulting from intentional conduct which causes foreseeable harm is not covered," *id.*, and this definition of an "occurrence" does not encompass "negligent actions that are intentionally caused by the insured." *Id.* at 1159; *see also Moulton*, 464 So. 2d at 510.

The *Bivens* Parties argue that the Third Amended Complaint includes allegations of negligent and/or reckless actions and/or omissions which caused the *Bivens* Plaintiffs to suffer damages during the applicable policy periods. This is true. For example, the *Bivens* Plaintiffs alleged that the *Bivens* Defendants "negligently or recklessly breached their legal and constitutional duties to come forward with . . . exculpatory evidence . . . ." Third Amended Complaint, at 30-32. Likewise, they alleged that the *Bivens* Defendants "negligently or recklessly breached their statutory duties under Miss. Code Ann. § 47-7-19 to provide information, including exculpatory evidence, to the parole board each and every time the [wrongfully convicted *Bivens* Plaintiffs] were eligible and came up for early release or parole." *Id.* at 34.

13

However, merely labeling an action or omission as negligent is insufficient to implicate coverage. To qualify as an "occurrence" under the policy, the relevant action and/or omission must have been an "accident." In other words, the *Bivens* Defendants' failure to come forward with exculpatory evidence – or any other act or omission alleged by the *Bivens* Plaintiffs – must have been accidental or unintentional to trigger the umbrella policy's "bodily injury" coverage. The *Bivens* Plaintiffs alleged no *accidental* or *unintentional* actions/omissions by the *Bivens* Defendants which caused bodily injuries. Even where they described certain actions/omissions as negligent, the factual context of the allegations – upon even the most charitable reading – belies any argument that the actions/omissions were accidental or unintentional. Therefore, the Court concludes that the *Bivens* Plaintiffs alleged no "bodily injury" caused by an "occurrence." Accordingly, the policy provides no coverage for the *Bivens* Plaintiffs' alleged "bodily injuries."

The *Bivens* Parties briefly argue that the Court may not impute the intentions of the individual *Bivens* Defendants to Forrest County, citing the policy's "separation of insureds" provision, which provides that the insurance applies "separately as to each insured against whom 'claim' is made or 'suit' is brought." Exhibit B [412-2], at 25; Exhibit C [412-3], at 24. But the *Bivens* Plaintiffs seek to hold Forrest County liable under *Monell*. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). According to *Monell*, a municipality is liable under § 1983 "when execution of a government's policy or custom . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." 436 U.S. at 694; *see*

14

*also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (requiring an "official policy . . . promulgated by the municipal policymaker" for *Monell* liability). Therefore, *Monell* liability – by definition – contemplates *intentional* action on the part of the municipal entity, whether through promulgation of an official policy or by acceptance of a widespread practice so common as to become official policy. *Peterson*, 588 F.3d at 847. This is incompatible with the policy's definition of an "occurrence."

## C.    Conclusion

For the reasons provided above, the Court finds that the Northern Insurance Company umbrella policies – policy no. UBA 98657845, effective from February 18, 1999, to February 18, 2000;[7] and policy no. UBA 98657845, effective from February 18, 2000, to February 18, 2001[8] – do not require Zurich American to defend and/or indemnify the *Bivens* Defendants in the underlying case. The Court grants Zurich American's motion for summary judgment.

## IV. MPSJ AS TO UMBRELLA POLICIES [426]

For the same reasons provided above, the Court denies the *Bivens* Parties motion for partial summary judgment as to Zurich American's duty to defend under the Northern Insurance Company umbrella policies.

## V. CONCLUSION

The Court **grants** Zurich American Insurance Company's Motion for Summary

---

[7]Exhibit B [412-2].

[8]Exhibit C [412-3].

Judgment [412] with respect to the Northern Insurance Company umbrella policies, and **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [426] as to the same.

SO ORDERED AND ADJUDGED this 18th day of July, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE