IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*                                                                    **PLAINTIFFS**

V.                                                           CIVIL ACTION NO. 2:14-CV-22-KS-MTP

**FORREST COUNTY,** *et al.*                                                        **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons below, the Court **grants in part and denies in part** First Mercury Insurance Company's Motion for Summary Judgment [437] and **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [434] as to First Mercury's duty to defend.

**I. BACKGROUND**

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court previously discussed the case's background. *See Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*10 (S.D. Miss. Mar. 30, 2015). On February 16, 2016, the Court granted [370] motions for judgment on the pleadings filed by Zurich Specialties London Limited ("ZSLL"), Gemini Insurance Company, and Steadfast Insurance Company. *See Travelers*, 2016 U.S. Dist. LEXIS 18288 at *31-*32. The Court ruled that the *Bivens* Plaintiffs[1] had not

---

[1] The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin,

alleged any specific wrongful acts or omissions during the applicable policy periods, and that ZSLL, Gemini, and Steadfast had no duty to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.

The parties then filed numerous dispositive motions [258, 344, 346, 349, 351, 353, 354, 355, 359, 361, 363, 365], each addressing an insurer's duty to defend and/or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims. On April 20, 2016, the *Bivens* Plaintiffs filed a Third Amended Complaint. *See* Third Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Apr. 20, 2016), ECF No. 307. Anticipating that the parties would need to address the *Bivens* Plaintiffs' new allegations, the Court denied [401] all pending dispositive motions without prejudice, and set a new motions deadline. Once again, the parties filed numerous dispositive motions [402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 428, 430, 432, 434, 437].

The *Bivens* Plaintiffs and Defendants filed a Motion for Reconsideration [424] of the Court's order [370] granting the motions for judgment on the pleadings. On June 22, 2016, the Court granted [502] the motion for reconsideration in part and denied it in part. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81206 (S.D. Miss. June 22, 2016). Specifically, the Court granted the motion with respect to its previous ruling that ZSLL had no duty to defend or

---

Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

indemnify the *Bivens* Defendants in the underlying case, but the Court denied the motion in all other respects. *Id.* at \*17. The Court held that the *Bivens* Plaintiffs had alleged specific omissions and/or breaches of duty by the *Bivens* Defendants during the ZSLL policy periods, *id.* at \*14-\*16, but that they had not alleged any specific wrongful acts during the Gemini and Steadfast policy periods. *Id.* at \*13. For these same reasons, the Court granted [504] the Motions for Summary Judgment [410, 414] filed by Steadfast and Gemini on June 23, 2016. *See Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 81826 (S.D. Miss. June 23, 2016).

On June 29, 2016, the Court granted in part and denied in part [515] the Motion for Summary Judgment [418] filed by The Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity & Guaranty Company, and St. Paul Fire and Marine Insurance Company (collectively, "Travelers"), and it granted the *Bivens* Parties' Motion for Partial Summary Judgment [432] as to Travelers. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Specifically, the Court held that Travelers had no duty to defend or indemnify the *Bivens* Defendants under a variety of general liability policies issued to Forrest County and the City of Hattiesburg, but that it did have a duty to defend the *Bivens* Defendants under a law enforcement liability policy issued to the Forrest County Board of Supervisors. *Id.* at \*22.

On June 30, 2016, the Court granted in part and denied in part [516] Sirius America Insurance Company's Motion for Summary Judgment [402] and granted in part and denied in part the *Bivens* Parties' Motion for Partial Summary Judgment

[422] as to Sirius America. *Travelers Ind. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 85399 (S.D. Miss. June 30, 2016). Specifically, the Court held that Sirius America has a duty to defend the *Bivens* Defendants under a law enforcement liability policy effective from November 13, 1984, to November 13, 1985, but that it has no duty to defend or indemnify under a policy effective from October 7, 1984, to November 13, 1984. *Id.* at *11. The Court additionally held that Sirius America has no duty to defend or indemnify any of the claims against the *Bivens* Defendants Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *14.

On July 1, 2016, the Court granted in part and denied in part Great American E&S Insurance Company's Motion for Summary Judgment [404] and denied the *Bivens* Parties' Motion for Partial Summary Judgment as to Great American. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 86108 (S.D. Miss. July 1, 2016). Specifically, the Court found that Great American has no duty to defend the *Bivens* Defendants in the underlying case, but the Court could not determine whether it has a duty to indemnify under several law enforcement liability policies issued to the Forrest County Sheriff's Department from November 13, 1996, to November 13, 2000. *Id.* at *19-*20. The Court now considers ZSLL's Motion for Summary Judgment [416].

On July 7, 2010, the Court granted in part and denied in part Zurich Specialties London Limited's Motion for Summary Judgment [416]. *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22, 2016 U.S. Dist. LEXIS 88095 (S.D. Miss. July 7, 2016). Specifically, the Court granted the motion insofar as it found that ZSLL had no duty

4

to defend or indemnify the *Bivens* Defendants against any claims asserted by the *Bivens* Plaintiffs arising from wrongful actions or omissions committed by the following individual *Bivens* Defendants: Gene Walters, Joe Hopstein, Henry Brown, Terry Martin, Larry James, Jim Erwin, and Arlon Moulds. *Id.* at *20-*21. The Court also granted the motion with respect to ZSLL's duty to defend and/or indemnify the *Bivens* Defendants under a ZSLL policy effective from November 13, 2001, to November 13, 2002. *Id.* at *10. The Court denied the motion in all other respects. *Id.* at *22.

On July 11, 2016, the Court granted in part and denied in part the Motion for Summary Judgment [420] filed by Scottsdale Insurance Company and denied the *Bivens* Parties' Motion for Partial Summary Judgment [428]. *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 89513 (S.D. Miss. July 11, 2016). Specifically, the Court found that Scottsdale has no duty to defend or indemnify the *Bivens* Defendants under its public officials & employees liability policies, and that it has no duty to defend Arlon Moulds and Ricky Rawls. *Id.* at *20. However, the Court found that there exists a genuine dispute of material fact as to the application of a notice provision in Scottsdale's law enforcement liability policy. *Id.* at *17-*18.

On July 12, 2016, the Court granted Zurich American Insurance Company ("Zurich American") and American Zurich Insurance Company's ("American Zurich") Motion for Summary Judgment as to their commercial and general liability policies and Zurich American's Motion for Summary Judgment as to its excess policies. *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 90223 (S.D. Miss. July 12, 2016). Specifically, the Court found that the claims asserted

against the *Bivens* Defendants in the underlying case are excluded from coverage under the Zurich CGL policies and excess policies because they arise out of law enforcement activities. *Id.* at *18-*20.

The Court now considers First Mercury Insurance Company's Motion for Summary Judgment [437] as to several Governmental Entities Police Professional Liability Policies issued from November 13, 1990, to November 13, 1995, and the *Bivens* Parties' Motion for Partial Summary Judgment [434] as to the same.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. FIRST MERCURY'S MSJ [437]

First Mercury Insurance Company issued five Governmental Entities Police Professional Liability Policies to the Forrest County Sheriff's Department: Policy No. DOL 139740, effective from November 13, 1990, to November 13, 1991; Policy No. DOL 149921, effective from November 13, 1991, to November 13, 1992; Policy No. DOL 167513, effective from November 13, 1992, to November 13, 1993; Policy No. DOL 187052, effective from November 13, 1993, to November 13, 1994; and Policy No. DOL 206574, effective from November 13, 1994, to November 13, 1995. First Mercury argues that these policies do not require it to defend or indemnify the *Bivens* Defendants against the claims asserted in the underlying litigation.

"Under Mississippi law, an insurer's duties to defend and indemnify its insured are distinct and separable duties requiring the use of different standards." *Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 529 (5th Cir. 2011). To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted).

7

There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Bradley*, 647 F.3d at 531. "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* Typically, though, "if there is no duty to defend, there can be no duty to indemnify." *Evanston Ins. Co. v. Neshoba Cnty. Fair Ass'n*, 442 F. Supp. 344, 346 n. 1 (S.D. Miss. 2006).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where

it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

The parties agree that each policy was identical in all parts relevant to the dispositive motions addressed herein.[2] Each policy provides, in pertinent part:

> We will pay those sums that the "Insured" becomes legally obligated to pay as "damages" because of "personal injury" . . . to which the insurance applies. . . . This insurance does not apply to "personal injury" . . . that takes place before the retroactive date shown in the Declarations or occurs after the "policy period." . . . The "personal injury" . . . must be caused by an "occurrence." The "occurrence" must . . . arise out of . . . the "Insured's" operations in the performance or failure to perform official law enforcement duties. We will have the right and duty to defend any suit seeking those "damages" . . . .

Exhibit 2 to Motion for Summary Judgment at 6, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (February 15, 2016), ECF No. 365-2. The policies define "personal

---

[2]*See* Exhibit 1 to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (February 15, 2016), ECF No. 365-1.

injury" as:

> A. Bodily injury, sickness, disease or disfiguration sustained by any person, including death resulting from any of these at any time; or
>
> B. Mental injury, anguish, shock, humiliation; or
>
> C. Libel, slander, defamation of character; or
>
> D. Assault and battery, false arrest, false imprisonment, malicious prosecution, false or improper service of process . . . .

*Id.* at 14. They define an "occurrence" as "an event, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* Finally, the parties apparently agree that the "retroactive date" of each policy was the first date of its policy period, as provided in the exemplar policy of record. *Id.* at 2.

Therefore, the First Mercury policies generally cover personal injuries – including bodily injury, assault and battery, false imprisonment, and mental injury – during their policy periods which were caused by an occurrence which arises out of the insured's performance or failure to perform law enforcement activities.

The *Bivens* Plaintiffs alleged "personal injuries" during the First Mercury policy periods – November 13, 1990, to November 13, 1995 – insofar as they alleged that they were falsely imprisoned throughout the policy periods. They also alleged that their false imprisonment was caused by the *Bivens* Defendants' actions/omissions while conducting law enforcement activities – specifically, the alleged wrongful acts surrounding the investigation, prosecution, and conviction of Bivens, Dixon, and Ruffin in 1979 and 1980, as described in *Bivens*, 2015 U.S. Dist. LEXIS 40602 at *3-*10. Therefore, barring the application of any exclusion, the Court finds that the *Bivens*

Plaintiffs alleged sufficient facts to state claims within the First Mercury policies' coverage.

### A.   *Miscellaneous Coverage Trigger Arguments*

To the extent First Mercury argues that coverage of the *Bivens* Plaintiffs' claims was triggered at the time of indictment or arrest, or that the *Bivens* Plaintiffs only alleged continuations of prior injuries during the applicable policy periods, the Court rejects these arguments for the same reasons provided in previous opinions. *See Travelers*, 2016 U.S. Dist. LEXIS 84534 at *12-*14; *Travelers*, 2016 U.S. Dist. LEXIS 85399 at *43-*45.

### B.   *Official Law Enforcement Duties/Injuries Outside Coverage Period*

As noted above, the policies only cover "personal injuries" caused by an "occurrence" that "arise[s] out of . . . the 'Insured's' operations in the performance of or failure to perform official law enforcement duties." Exhibit 2 [365-2], at 6. The policies also require that the "personal injury" occur during the policy period. *Id.* First Mercury argues that any alleged injury which arose after the *Bivens* Plaintiffs' conviction did not "arise out of" the *Bivens* Defendants' "performance of or failure to perform official law enforcement duties," but instead arose from intervening causes during their imprisonment. This is, of course, a question of fact – whether the *Bivens* Plaintiffs' false imprisonment and resulting injuries were proximately caused by the *Bivens* Defendants' actions several years prior or more immediate intervening causes. The Court declines to settle any factual disputes related to causation. It is indisputable, though, that the *Bivens* Defendants' alleged actions from 1979-1980 were committed

11

during the performance of official law enforcement duties.

First Mercury also argues that all of the *Bivens* Plaintiffs' alleged injuries caused by the *Bivens* Defendants' law enforcement activities occurred in 1979-1980, a decade prior to the initial retroactive date of the First Mercury policy periods. The Court disagrees, for the same reasons provided above and in prior opinions. The *Bivens* Plaintiffs alleged "personal injuries" during the applicable policy periods which were caused by the *Bivens* Defendants' actions in 1979-1980 insofar as they alleged that the *Bivens* Defendants' actions caused them to be falsely imprisoned during the policy periods. First Mercury contends that the *Bivens* Plaintiffs' "damages" may have continued, but their "injuries" occurred in 1979-1980. The Court declines to foreclose coverage by playing word games over semantics, rather than applying the policies' plain, everyday meaning. The policy includes "false imprisonment" in the definition of "personal injury," and it is undisputed that the *Bivens* Plaintiffs were in prison for a crime they did not commit during the First Mercury policy periods.

## C.    *Publication Exclusion*

The policies exclude coverage for "'[p]ersonal injury' arising out of . . . oral or written publication of material whose first publication took place before the retroactive date specified in the Declarations." Exhibit 2 [365-2], at 7. First Mercury argues that this exclusion bars coverage for any "personal injury" which arose from the *Bivens* Defendants' parole or other post-conviction proceedings.

It is not necessary for the Court to address this argument insofar as it has already found that the *Bivens* Plaintiffs alleged sufficient facts to state claims within

the coverage of the First Mercury policies unrelated to the *Bivens* Plaintiffs' parole and post-conviction proceedings. "So long as some allegation within the underlying complaint potentially triggers coverage under the insurance policy, the insurer has a duty to defend . . . ." *Coleman v. Acceptance Indem. Ins. Co.*, No. 5:08-CV-260-DCB-JMR, 2009 U.S. Dist. LEXIS 54742, at *7 (S.D. Miss. June 26, 2009); *see also Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 421 (5th Cir. 2008).

### D.  *Notice*

First Mercury also argues that the *Bivens* Defendants failed to provide timely notice of the *Bivens* Plaintiffs' claims as required by the policies,[3] and, therefore, they are barred from recovering under the policies. For the same reasons provided in previous opinions,[4] the Court finds that there exists a genuine dispute of material fact as to whether First Mercury was prejudiced by the delay in notice of the *Bivens* Plaintiffs' claims. Accordingly, there exists a genuine dispute of material fact regarding application of the policies' notice provision.

### E.  *Specific Individual Defendants*

Finally, First Mercury argues that it has no duty to provide coverage for claims against the individual *Bivens* Defendants who were deceased or no longer employed by the Forrest County Sheriff's Department during the applicable policy periods. The policies' definition of an "insured" includes "individual law enforcement officers or

---

[3] *See* Exhibit 2 [365-2], at 11.

[4] *See Travelers*, 2016 U.S. Dist. LEXIS 89513 at *27-*28; *Travelers*, 2016 U.S. Dist. LEXIS 88095 at *54-*55.

other employees and volunteers of such department or entity as are regularly engaged in law enforcement duties, but only while in the furtherance of the official pursuits of the law enforcement department or entity designated in the Declarations . . . ." Exhibit 2 [365-2], at 13. Therefore, the policies do not require that the individual *Bivens* Defendants have been employed by Forrest County during the policy periods. Rather, the individual *Bivens* Defendants are considered "insureds" for actions/omissions committed "while in the furtherance of the official pursuits of the law enforcement department . . . ." Moreover, while the policies require that the claimants' "personal injuries" occur during the policy period, they do not require that the "occurrence" which causes the injuries occur during the policy period. *Id.*

It is undisputed that Earnest "Arlon" Moulds was never employed by Forrest County. *See* Forrest County's Responses to Interrogatories, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. Feb. 15, 2016), ECF No. 365-3. Therefore, the First Mercury policies provide no coverage for the *Bivens* Plaintiffs' claims asserted against Moulds.

### IV. *BIVENS* PARTIES' MPSJ AS TO FIRST MERCURY [426]

For the same reasons provided in previous opinions,[5] the Court finds that there exists a genuine dispute of material fact as to the application of the First Mercury policies' notice provision. Therefore, the Court denies the *Bivens* Parties' motion for partial summary judgment as to First Mercury's duty to defend.

---

[5] *See Travelers*, 2016 U.S. Dist. LEXIS 89513 at *27-*28; *Travelers*, 2016 U.S. Dist. LEXIS 88095 at *54-*55.

## V. CONCLUSION

For the reasons above, the Court **grants in part and denies in part** First Mercury Insurance Company's Motion for Summary Judgment [437] and **denies** the *Bivens* Parties' Motion for Partial Summary Judgment [434] as to First Mercury. Specifically, the Court grants First Mercury's motion insofar as it finds that First Mercury has no duty to defend or indemnify *Bivens* Defendant Arlon Moulds against any claims asserted in the underlying litigation, but the Court denies the motion in all other respects. Likewise, the Court denies the *Bivens* Parties' motion as to First Mercury's duty to defend insofar as there exists a genuine dispute of material fact regarding application of the policies' notice provision.

SO ORDERED AND ADJUDGED this 18th day of July, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE