IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THE TRAVELERS INDEMNITY
COMPANY,** *et al.*                                                                    **PLAINTIFFS**

V.                                                   CIVIL ACTION NO. 2:14-CV-22-KS-MTP

**FORREST COUNTY,** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the *Bivens* Plaintiffs' Renewed Motion for Partial Summary Judgment [428].

## I. BACKGROUND

This is a liability insurance coverage case arising from a civil rights lawsuit. The Court previously discussed the case's background. *See Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 18288, at *6-*9 (S.D. Miss. Feb. 16, 2016); *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*10 (S.D. Miss. Mar. 30, 2015). Scottsdale issued a Comprehensive Law Enforcement Liability Policy to the Forrest County Sheriff's Department, Policy No. PL502554, effective from November 13, 1985, to November 13, 1986.[1] Scottsdale's contention in this case has been that the policy does not require it to defend or indemnify the *Bivens* Defendants against the *Bivens* Plaintiffs' claims.[2]

---

[1]Exhibit H to Motion for Summary Judgment, *Travelers v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 420-8.

[2]The Court will refer to the underlying plaintiffs – Defendants/Counter-Plaintiffs Bivens, Ruffin, Dixon, Smith, and Strong – as the *Bivens* Plaintiffs. The Court will refer to the underlying defendants – Defendants/Counter-Plaintiffs

On July 11, 2016, the Court granted in part and denied in part Scottsdale's Motion for Summary Judgment [420] and denied the *Bivens* Parties' Motion for Partial Summary Judgment [428]. In relevant part, the Court held that the *Bivens* Plaintiffs alleged sufficient facts to state a claim that falls within the Law Enforcement Liability Policy's ("LEL Policy") general coverage provision. However, the Court also found that there was a genuine dispute of material fact regarding application of the LEL Policy's notice provision. Specifically, the Court held that there was a factual dispute as to whether Scottsdale was prejudiced by delayed notice of the *Bivens* Plaintiffs' claims against the *Bivens* Defendants. The Court also held that it was undisputed that two of the *Bivens* Defendants were never employed by Forrest County and, therefore, they were not covered under the policy.

On July 22 and August 1, 2016, the Court held a joint settlement conference in this case and the underlying case. After lengthy discussions, the parties reached a settlement. As part of the settlement, certain insurers – including Scottsdale – retained the right to appeal the Court's rulings as to their duties to defend under the relevant liability insurance policies.

On February 16, 2017, the Court entered the parties' joint stipulation of dismissal [547]. All claims existing among all parties to this case and the underlying case were dismissed with prejudice, except for the claims in this case between the

---

Forrest County, City of Hattiesburg, Howell, Walters, Hopstein, Hart, Martin, Brown, Taylor, Erwin, Moulds, James, and Clark – as the *Bivens* Defendants. The Court may also refer to the *Bivens* Plaintiffs and Defendants collectively as the *Bivens* Parties.

appealing insurers – Travelers Indemnity Company, The Travelers Indemnity Company of America, United States Fidelity and Guaranty Company, St. Paul Fire and Marine Insurance Company (collectively, "Travelers"); and Scottsdale Insurance Company – and the *Bivens* Plaintiffs. Scottsdale then filed an Unopposed Motion to Amend [548] its Answer and Counterclaim to eliminate its assertion of late notice as a defense to coverage. The Court granted [549] the motion on March 13, 2017.

The *Bivens* Plaintiffs renewed their Motion for Partial Summary Judgment [550] as to Scottsdale, asking for the Court to find that it had breached its duty to defend the *Bivens* Defendants employed by Forrest County in the underlying lawsuit pursuant to the LEL Policy. The motion is fully briefed and ready for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference

to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014) (quoting *Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (Miss. 2006)) (punctuation omitted). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United*

4

*Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008).

The LEL Policy provides, in relevant part:

The Company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages because of WRONGFUL ACT(S) which result in:

    A)    PERSONAL INJURY
    B)    BODILY INJURY
    C)    PROPERTY DAMAGE

caused by an OCCURRENCE and arising out of the performance of the INSURED's duties to provide law enforcement and/or other departmentally approved activities as declared in the Application, . . . and

all operations necessary and incidental thereto.

Exhibit H [420-8] at 5. Scottsdale also has "the right and duty to defend any suit against the INSURED seeking damages on account of such PERSONAL INJURY, BODILY INJURY, or PROPERTY DAMAGE even if any of the allegations of the suit are groundless, false, or fraudulent . . . ." *Id.*

The policy defines a "wrongful act" as "any actual or alleged act, error, omission, neglect or breach of duty by the INSURED." *Id.* at 6. The policy defines "bodily injury" as "bodily injury, sickness or disease . . . which occurs during the policy period . . . ." *Id.* The definition of "personal injury" includes "assault and battery," "discrimination," "false arrest, detention or imprisonment," "humiliation or mental distress," and the "violation of civil rights" protected under state and federal law. *Id.* However, the "personal injury" must, like a "bodily injury," be "committed during the policy period." *Id.* Finally, the policy defines an "occurrence" as "an event, including continuous or repeated exposure to conditions, which results in PERSONAL INJURY, BODILY INJURY or PROPERTY DAMAGE sustained during the policy period, by any person or organization and arising out of the performance of the INSURED's law enforcement duties." *Id.*

In summary, Scottsdale generally agreed to defend the Forrest County Sheriff's Department against claims of bodily injury, false arrest or imprisonment, humiliation or mental distress, and the violation of civil rights protected under state and federal law. But the injury must occur during the policy period. It must occur because of a wrongful act of the insured. And it must be caused by an "occurrence," which

specifically includes "continuous or repeated exposure to conditions . . . ." *Id.* The policy does not require that the insured's wrongful acts occur during the policy period. Therefore, the policy is an "occurrence" policy,[3] and the trigger for coverage is the injury sustained by the claimant.

    Here, the *Bivens* Plaintiffs alleged injuries during the LEL Policy period caused by wrongful acts committed by the *Bivens* Defendants during their performance of law enforcement activities. Specifically, they alleged that Bivens, Dixon, and Ruffin were falsely imprisoned from November 13, 1985, to November 13, 1986. The *Bivens* Plaintiffs also alleged that these injuries were caused by wrongful acts committed by the *Bivens* Defendants during the performance of law enforcement activities – specifically, the acts surrounding the investigation, prosecution, and parole of Bivens, Dixon, and Ruffin in 1979 and 1980, as described in *Bivens*, 2015 U.S. Dist. LEXIS 40602 at *3-*10. Therefore, the Court finds that the facts alleged by the *Bivens* Plaintiffs state a claim that falls within the general coverage provision of the Scottsdale LEL Policy No. PL502554, effective from November 13, 1985, to November 13, 1986.

    Scottsdale contends that the *Bivens* Plaintiffs alleged no "personal injury" during the policy period because the violations of their civil rights occurred in 1979-1980. However, the policy's definition of "personal injury" includes "false arrest, detention or imprisonment," and it is beyond dispute that Bivens, Dixon, and Ruffin

---

[3] *See Matador Petroleum*, 174 F.3d at 658 n. 2.

were imprisoned from 1985-1986.

To the extent Scottsdale presents the same arguments as other insurers regarding multiple triggers, coverage triggers at the time of indictment, and continuing triggers, the Court rejects those arguments for the same reasons provided in previous opinions. *See, e.g. Travelers*, 2016 U.S. Dist. LEXIS 85399 at *43-*44; *Travelers*, 2016 U.S. Dist. LEXIS 84534 at *17-*20. Mississippi law provides no blanket trigger rule in coverage cases of this sort. Rather, determination of an insurer's duty to defend its policyholder "derives . . . from the provisions of . . . its insurance contract with the insured." *Muirhead*, 920 So. 2d at 450. The "duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward*, 749 F.3d at 398. The policy must be construed as written when plain and unambiguous, and it must be read "most favorably" to the policyholder. *Lake Caroline*, 515 F.3d at 419. Therefore, the Court's goal is the same as it always is in insurance coverage disputes: to "afford [the disputed policies] their plain, ordinary meaning and . . . apply them as written." *Guidant Mut. Ins. Co.*, 13 So. 3d at 1281.

Scottsdale would have the Court's analysis turn on the semantics of causation and sophistic questions of whether an alleged act or injury is a mere continuation of a previous one. But the Mississippi Supreme Court's prior treatment of multiple actions forming a single occurrence, while not directly on point, suggests that the Court's plain, direct approach is correct: "[A] factual issue of whether multiple acts are sufficiently related to constitute one occurrence of loss only arises where the applicable policy language unambiguously states that multiple acts may be so treated." *Crum v.*

8

*Johnson*, 809 So. 2d 663, 667 (Miss. 2002). Absent a policy provision explicitly stating that multiple actions and/or omissions over a course of time must be treated as a single action and/or omission, the Court will treat multiple actions/omissions as multiple triggers.

Scottsdale also suggests that the Court's analysis here diverges from its analysis of umbrella policies issued by Zurich. *See Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 93046 (S.D. Miss. July 18, 2016). There, the Court found that the Zurich policy provided coverage for personal injury caused by an offense committed during the policy period. *Id.* at *16. Because the *Bivens* Plaintiffs alleged no specific acts committed by the *Bivens* Defendants during the Zurich policy period, the Court found that there was no coverage for the *Bivens* Plaintiffs' alleged personal injuries. *Id.* at *16-*17. The Zurich policy provided coverage for "bodily injury" that occurs during the policy period and is caused by an "occurrence," which was defined as an "accident . . . ." *Id.* at *15-*16. The Court found that although the *Bivens* Plaintiffs had alleged bodily injuries during the policy period, they had not alleged that the bodily injuries were caused by an accident. *Id.* at *17-*20.

Scottsdale apparently contends that its policy's definition of "personal injury" requires that the wrongful act causing the personal injury occur during the policy period, like the Zurich umbrella policies. As noted above, Scottsdale's definition of "personal injury" includes "assault and battery," "discrimination," "false arrest, detention or imprisonment," "humiliation or mental distress," and the "violation of civil rights," but only "[i]f such offense is committed during the policy period." Exhibit H

9

[420-8] at 5. Scottsdale contends that the phrase "committed during the policy period" indicates that the alleged wrongful act causing the injury must occur during the policy period, rather than the injury itself.

The difference between the Zurich umbrella policies[4] and the Scottsdale LEL Policy is one of ambiguity and precision. The Zurich policies unambiguously state that they provide coverage for "'[p]ersonal injury' caused by an offense committed during the POLICY PERIOD . . . ."[5] In contrast, the Scottsdale policy provides coverage for "WRONGFUL ACT(S) which result in . . . PERSONAL INJURY," and its definition of "PERSONAL INJURY" requires that the *injury* be "committed during the policy period."[6] At best, the Scottsdale policy is ambiguous, insofar as its definition of "personal injury" fails to clearly delineate between the wrongful acts causing an injury and the injury itself. That being the case, the Court must interpret the policy "most favorably to the insured and against the insurer." *Lake Caroline*, 515 F.3d at 419.

### IV. CONCLUSION

For these reasons, the Court **grants** the Renewed Motion for Partial Summary Judgment [420] filed by the *Bivens* Plaintiffs. The facts alleged by the *Bivens* Plaintiffs state a claim that falls within the general coverage provision of the Scottsdale LEL

---

[4] Exhibit B to Motion for Summary Judgment, *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 412-2; Exhibit C to Motion for Summary Judgment, *Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP (S.D. Miss. May 9, 2016), ECF No. 412-3.

[5] Exhibit B [412-2], at 12; Exhibit C [412-3], at 11.

[6] Exhibit H [420-8] at 5.

Policy No. PL502554, effective from November 13, 1985, to November 13, 1986. Therefore, as Scottsdale withdrew its notice defense, the Court finds that it had a duty to defend the *Bivens* Defendants who were employed by Forrest County.

As noted above, the parties entered a joint stipulation of dismissal [547] which dismissed with prejudice all claims existing among all parties to this case and the underlying case, except for the coverage claims between the appealing insurers – Travelers and Scottsdale – and the *Bivens* Plaintiffs. The Court already held that Travelers had a duty to defend in the underlying case under its liability insurance policy number GP09313521 [1-5] issued by St. Paul Fire & Marine Insurance Company, effective from February 18, 2005, to February 18, 2011. *See Travelers Indem. Co. v. Forrest County*, No. 2:14-CV-22-KS-MTP, 2016 U.S. Dist. LEXIS 84534 (S.D. Miss. June 29, 2016). Scottsdale withdrew its notice defense. Claims related to the duty to indemnify are moot because the underlying case settled. Therefore, this case no longer presents a live case or controversy, and the Court will enter a separate final judgment.

SO ORDERED AND ADJUDGED this ___30th___ day of March, 2017.

                                               ___s/Keith Starrett___
                                               UNITED STATES DISTRICT JUDGE